Rollen C. ROBERTSON, Appellant,

v.

ESTATE of O. E. MELTON, Deceased, Appellee.

No. 6148.

Court of Civil Appeals of Texas.

Beaumont.

Oct. 31, 1957.

Rehearing Denied Nov. 20, 1957.

Justice, Justice & Kugle, Athens, for appellant.

Spruiell, Lowry, Potter & Laster, Tyler, for appellee.

## ANDERSON, Justice.

On January 25, 1956, in Henderson County, in a collision between automobiles which they were driving, O. E. Melton was killed and appellant, Rollen C. Robertson, was injured. Two separate and distinct damage suits resulted. Both were filed in the district court of Henderson County. One was the case at bar, in which appellant sued "The Estate of O. E. Melton, Deceased," for $37,836.80, alleging that Ethel V. Melton, widow of the decedent, had theretofore qualified as community administratrix of said estate. The other was a joint suit by Mrs. Melton and Ronald Melton, a minor son of the decedent, against appellant, for $94,000. It was styled Ethel Melton v. Rollen Robertson, and was numbered 6904, on the docket of the court. The case at bar was not filed until some months after the Meltons' suit had been settled by agreement and disposed of by judgment. When it was instituted, Mrs. Melton, as administratrix of the community estate of herself and her deceased husband, having first answered, filed a verified motion for summary judgment. She pleaded both that the judgment in cause No. 6904, the suit she and her son filed against appellant, is res judicata of all matters which appellant seeks to litigate in the case at bar and that by estoppel it is conclusive of all issues tendered by appellant's pleadings in this suit. And she particularly pleaded that Rule 97(a), Texas Rules of Civil Procedure, bars appellant from any recovery herein, since he did not counterclaim in the suit she and her son filed against him. The motion for summary judgment was heard and granted, and judgment was rendered that appellant take nothing by his suit. Appellant duly perfected his appeal to the Court of Civil Appeals at Dallas, the proper court, and the case was then transferred to this court by the Supreme Court.

In their petition in their suit against appellant, Mrs. Melton and her son alleged a variety of ways in which they claimed appellant had been negligent and had thereby proximately caused the collision and Mr. Melton's death. The only pleading filed in the case by or on behalf of appellant was an answer which consisted of but a general denial. The judgment in the cause approved a settlement agreement that had been arrived at and, pursuant to the agreement, awarded damages in favor of the Meltons and against appellant in the amount of $3,000.

Although it was all done in his name, appellant did not personally participate in defending or settling the case. The defense was arranged for and the settlement was agreed to by United States Fidelity and Guaranty Company, which had in force on appellant's automobile at the time of the collision an indemnity policy of automobile insurance. Appellant was

not consulted about the settlement nor even advised before disposition of the case that settlement negotiations were under way, and he was not subsequently called upon to ratify or confirm the settlement and judgment.

The policy of insurance that brought the insurance company into the picture contained the following provisions, among others:

"With respect to such insurance as is afforded by this policy for bodily injury liability and for property damage liability, the company shall: (a) defend any suit against the Insured alleging such injury, sickness or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient."

In his petition in the case at bar, appellant has, of course, alleged various ways in which he claims the decedent, O. E. Melton, was negligent and proximately caused the collision.

■ The record does not expressly disclose the legal theory on which the trial court based the summary judgment in the case at bar, but when considered as a whole, it leaves little room to doubt that the judgment was based on the theory that Rule 97(a), supra, required appellant to counterclaim in the suit Mrs. Melton and her son filed against him, if he desired to sue at all. Such, in any event, is the theory which appellee says formed the basis of the judgment, and it is the theory on which appellee primarily, if not altogether, relies to support the judgment.

We think Rule 97(a) is inapplicable, since Mrs. Melton and her son sued appellant in their individual capacities and appellant had no cause of action against either of them which he could have asser-

ted by way of counterclaim. The Rule, itself, is as follows:

"(a) Compulsory Counterclaim. A pleading shall state as a counterclaim any claim within the jurisdiction of the court, not the subject of a pending action, which at the time of filing the pleading the pleader has against *any opposing party*, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." (Emphasis supplied.)

Appellant makes no pretense to a cause of action against Mrs. Melton, herself; he sues her only in her representative capacity as community administratrix. And the record does not disclose that during pendency of her suit against him he could have sued her in her representative capacity, even if he had wished to do so. It is silent as to when she qualified as community administratrix.

■ We think the case of Heights Funeral Home v. McClain, Tex.Civ.App., 288 S.W.2d 839, 843, decided by this court, is conclusive of the question. Rule 97(a) was there construed in this manner:

"The rule just quoted contemplates situations where the primary parties—the cross-plaintiff and at least one cross-defendant—are already before the court as parties to the action. It does not contemplate a situation where no cross-defendant is a party to the action and one can be brought in only with leave of the court and for such purposes only as the court may permit. The latter situation is governed by Rule 38(a), supra."

Additional cases of similar import are cited in McDonald's Texas Civil Practice, Vol. 2, sec. 7.47, note 20.

Appellee apparently recognizes that the judgment in the suit she and her son filed against appellant is not, strictly speaking, res judicata of the present action. The requisite identity of parties, of quality of parties, and of causes of action is lacking. See, 26 Tex.Jur., Judgments, secs. 355, 356, 405–408.

She does assert in her brief that the judgment should be upheld under the doctrine of estoppel by judgment, even though Rule 97(a) is held inapplicable, but she cites no authority in support of this contention. The contention is without merit. The necessary identity of parties or of quality of parties is lacking. See, 26 Tex.Jur., Judgments, sec. 438, p. 181; Hanrick v. Gurley, 93 Tex. 458, 54 S.W. 347, opinion on rehearing, 55 S.W. 119, 56 S.W. 330; Coker v. Logan, Tex.Civ.App., 101 S.W.2d 284, 287, error refused.

Appellee concedes, as we understand her petition, that, in settling the suit she and her son filed against appellant, the insurance company acted for itself and in its own self-interest, and not as appellant's agent, and that, therefore, the settlement does not affect appellant's rights in the present action if neither Rule 97(a) nor the doctrine of estoppel by judgment is applicable. But whether she does or not, the law in reference to the status of the insurance company and the effects of the settlement appear to be as indicated. Wieding v. Krisch, Tex.Civ.App., 271 S.W.2d 458; Hurley v. McMillan, Tex.Civ.App., 268 S. W.2d 229; City Transportation Company of Dallas v. Vatsures, Tex.Civ.App., 278 S.W.2d 373.

The judgment of the trial court is reversed and the cause is remanded for new trial.