**John STRINGER et al., Appellants,**

**v.**

**H. E. MUNNELL et ux., Appellees.**

**No. 14572.**

Court of Civil Appeals of Texas.

Houston.

May 6, 1965.

Rehearing Denied May 27, 1965.

Dixie & Schulman, Chris Dixie, George C. Dixie, Houston, for appellants.

Finis E. Cowan, Larry F. York, Houston, Baker, Botts, Shepherd & Coates, Houston, of counsel, for appellees.

COLEMAN, Justice.

This is an appeal from a summary judgment. The cause of action asserted by appellants, John Stringer and L. A. Stringer, was based on an automobile collision occurring on State Highway 19 in Henderson County, Texas, on December 26, 1962. The occupants of the other automobile involved in the collision, H. E. Munnell and his family, the defendants in the trial court, sued appellants in an earlier law suit, Cause No. 63–11, in the District Court of Henderson County, Texas. An agreed judgment was entered in that case by which the Munnells recovered substantial damages. The Stringers asserted no counter-claim in that action.

The summary judgment in this cause was granted by reason of the provisions of Rule 97(a), Texas Rules of Civil Procedure, reading:

"(a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim within the jurisdiction of the court, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties

of whom the court cannot acquire jurisdiction."

When the Munnells filed their suit in Henderson County, citations were issued and properly served on the Stringers, and John Stringer delivered the citation to the Allstate Insurance Company, which had issued a policy of liability insurance on the vehicle owned by L. A. Stringer. He also notified his own insurance carrier, the American General Insurance Company, of the action. In the affidavits in opposition to the motion it is stated that he advised both of the companies that the collision in question was caused solely by the negligence of Mrs. Munnell and that it was the intention of both the Stringers to sue for their personal injuries and property damage. At that time John Stringer did not know whether his injuries would be permanent or serious. Counsel for one of the insurance companies filed an answer in the name of the Stringers as authorized by the terms of the insurance policy. No counter-claim was filed. Subsequently, without notice to the Stringers, a compromise settlement agreement was executed and an agreed judgment entered.

The settlement agreement recited that the defendants [the Stringers] expressly denied all liability in "any sum whatsoever," and the judgment recited that the compromise settlement agreement "is in settlement of a disputed claim and that the defendants have and do deny liability for any damages to plaintiffs, and that said compromise settlement was entered into to terminate further controversy between the parties."

The affidavits filed by the plaintiffs in this suit establish for the purposes of this appeal that neither of the plaintiffs participated personally in the defense or settlement of the prior suit, and that they were never consulted about settlement or even informed that settlement negotiations were under way. Except for the provisions of the policies of insurance neither had authorized any insurance carrier to waive their counterclaims. Nor have they ratified or been called upon to ratify the settlement or judgment.

Beach v. Runnels, Tex.Civ.App., 379 S.W. 2d 684, writ ref., held that where a prior suit between the parties to an automobile collision is ended by a judgment pursuant to a compromise settlement agreement entered into by one of the parties to the accident and the insurer of the other, although without the knowledge of the insured, pursuant to authority found in the insurance policy, a subsequent suit between the same parties growing out of the same accident is barred by reason of Rule 97(a), T.R.C.P.

We are unable to find such a material difference between the facts of this case and those before the Dallas Court of Civil Appeals in Beach v. Runnels, supra, as to warrant our consideration of authority from other jurisdictions.

The judgment of the trial court is affirmed.