**COMMERCIAL UNION INSURANCE CO. OF NEW YORK, Appellant,**

v.

**Karen Sue PRYOR et al., Appellees.**

**No. 7759.**

Court of Civil Appeals of Texas.

Amarillo.

Dec. 11, 1967.

Rehearing Denied Jan. 8, 1968.

Underwood, Wilson, Sutton, Heare & Berry, Amarillo, Hardie, Grambling, Sims & Galatzan, El Paso, for appellant.

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, Lovell, Lyle & Cobb, Dumas, for appellees.

NORTHCUTT, Justice.

This present action was brought by Commercial Union Insurance Co. of New York under the Uniform Declaratory Judgment Act, Art. 2524–1, Vernon's Ann.Tex.Civ. St. On April 27, 1965, in a collision between motor vehicles which they were driving, Charles A. Pryor was killed and Billy Pat McGuire was severely injured. Karen Sue Pryor, the wife of Charles A. Pryor, individually and as next friend of James Austin Pryor, a minor, and Curg P. Pryor and Hattie Copeland Pryor, as plaintiffs, brought suit in Cause No. 42009

against Billy Pat McGuire and Leonard C. Traylor. James Austin Pryor was the minor son of Charles A. Pryor, and Curg P. Pryor and Hattie Copeland Pryor were the surviving parents of Charles A. Pryor. The plaintiff alleged certain negligent acts of Billy Pat McGuire causing the death of Charles A. Pryor; then alleged that at all times pertinent thereto and on the occasion in question Billy Pat McGuire was an agent, servant and employee of Leonard C. Traylor, and that the acts of Billy Pat McGuire were in law and in fact the acts of Leonard C. Traylor, employer of Billy Pat McGuire. On July 8, 1965, in Cause No. 1000 in the County Court of Moore County, Texas, in the Estate of Charles A. Pryor, deceased, it was ordered that Karen Sue Pryor be and was thereby authorized as community administrator to control, manage and dispose of the community property as said survivor of Charles A. Pryor, deceased, in accordance with the Texas Probate Code.

The original suit filed by Karen Sue Pryor in Cause No. 42009 against Billy Pat McGuire and Traylor was filed by Lovell & Lyle as attorneys of Mrs. Pryor. The Phoenix of Hartford Insurance Company was the insurer as to damages caused by the defendants, McGuire and Traylor, and was willing to pay in behalf of McGuire and Traylor the sum of $10,000.00. Phoenix of Hartford employed their own attorneys to represent it in Cause No. 42009. Those same attorneys, as attorneys for the McGuires, on December 28, 1965, answered contending the collision in question and any damages resulting therefrom was proximately caused by the negligence of Charles A. Pryor and filed a counterclaim in Cause No. 42009 seeking to recover damages against Karen Sue Pryor as community survivor of the marital partnership and community estate of Karen Sue Pryor and Charles A. Pryor.

On December 28, 1965, a Compromise Settlement Agreement was made and entered into. This agreement was made and entered into by and between Karen Sue Pryor, individually, and as community survivor of the marital partnership and community estate of Karen Sue Pryor and Charles A. Pryor, deceased, and as next friend for James Austin Pryor, a minor, and their attorneys as one party; and Phoenix of Hartford, Billy Pat McGuire and wife, Linda McGuire, and their attorneys, as other parties, since they all took part in the settlement and had it approved by the trial court. In part, that Compromise Settlement Agreement is as follows:

"WHEREAS, bona fide disputes and controversies exist between the parties, both as to liability and the amount thereof, if any, and by reason of such disputes and controversies the plaintiffs desire to compromise and settle all claims and causes of action of any kind whatsoever which they have or might have arising out of said accident; and

WHEREAS, The Phoenix of Hartford Insurance Company is willing to pay, in behalf of the defendants, the sum of TEN THOUSAND AND 00/100 DOLLARS ($10,000.00) in compromise and settlement of such claims, with said sum to be apportioned and divided between the plaintiffs in accordance with the final judgment of the Court in this cause;

NOW, THEREFORE, for the sole consideration of TEN THOUSAND AND 00/100 DOLLARS ($10,000.00) paid to plaintiffs by The Phoenix Insurance Company of Hartford, in behalf of defendants, in accordance with the provisions of said final judgment entered by the Court in this cause, the payment of which is hereby acknowledged, we, KAREN SUE PRYOR, individually, as community survivor of the marital partnership and community estate of KAREN SUE PRYOR and CHARLES A. PRYOR, deceased, and as next friend for and in behalf of JAMES AUSTIN PRYOR, a minor, CURG P. PRYOR AND HATTIE

COPELAND PRYOR, have this day released and by these presents do release, acquit and forever discharge BILLY PAT MCGUIRE, LEONARD C. TRAYLOR, The Phoenix of Hartford Insurance Company, their agents, servants and employees, and all persons, natural or corporate, in privity with them or any of them, from any and all claims of any kind whatsoever, at common law, statutory or otherwise, which we have or might have, known or unknown, now existing or that might arise hereafter, directly or indirectly attributable to the aforesaid accident and death; it being intended to release all claims of any kind which we might have, whether asserted in this suit or not.

For the same consideration we agree to indemnify and save harmless the parties released hereby from any and all claims of any kind whatsoever which may or might be asserted by any other person by reason of the injuries to and death of CHARLES A. PRYOR.

It is expressly agreed and understood that the terms hereof are contractual and not merely recital, that the payment of the aforesaid sum is in compromise and settlement of disputed claims and does not constitute an admission of liability, all liability being expressly denied.

It is further understood that BILLY PAT McGUIRE and wife, LINDA McGUIRE, have asserted counter-claims for damages by reason of the injuries sustained by BILLY PAT McGUIRE in said collision; that said counter-claim has been severed by order of the Court in this cause and shall remain pending as a separate cause on the docket of the Court; that this compromise and settlement and the judgment entered in pursuance hereof shall in no way affect or prejudice such counter-claim or any other cause of action which may be asserted by any person by reason of the injuries sustained by BILLY PAT McGUIRE in said collision, all such claims and causes

of action being expressly protected and reserved.

It is further understood and agreed that this compromise settlement agreement, the fact of settlement and the judgment entered in pursuance hereof shall never be used or admissible in evidence against any of the parties released hereby."

On the same day the Settlement Agreement was entered into and the counterclaim of the McGuires was filed and citation issued and served, the attorneys for the McGuires filed a motion to sever their counterclaim and the same was ordered severed by order of the court, and such order was approved by all attorneys representing all the parties. All of the instruments, including the judgment of the court approving the Settlement Agreement, were executed on December 28, 1965.

On December 28, 1965, in Cause No. 42009, the McGuires had citation for service upon Mrs. Pryor issued and delivered to the sheriff for service at 2:15 P.M. and service was had five minutes later there in the courthouse. Mrs. Pryor thereafter delivered that citation to Commercial Union Insurance Co. of New York as the insurer of Charles A. Pryor and Commercial Union delivered it to its attorneys. Under this record, that was the first time that Commercial Union was in any way connected with this matter. When the citation was delivered to the attorney for Commercial Union, he wrote to Mrs. Pryor as follows:

"The citation which was served upon you in the above suit has reached us for attention, and we propose to file an answer on your behalf. We find it necessary to do so under a reservation of rights, that is to say, we must reserve the right to deny any responsibility at all either to defend you or to pay any judgment which might be rendered against you if ultimately we are driven to the conclusion that our client has no responsibility. Since you were represented by

counsel of your own choice in the prosecution of your suit, I am sending them also copies of this letter, so that they likewise may be fully advised of the problem.

In making settlement of your own suit founded on Mr. Pryor's death, you executed a compromise settlement agreement which included this paragraph:

'It is further understood and agreed that this compromise settlement agreement, the fact of settlement and the judgment entered in pursuance hereof shall never be used or admissible in evidence against any' of the parties released hereby.'

Our problem is with respect to whether this operates to cut us off from a defense which otherwise we would have against Mr. McGuire. If it does, my judgment would be that it also operates to cut you off from protection under your insurance policy.

The questions with respect to which we must reach some conclusions are:

(a) Whether Mr. McGuire's suit against you was a compulsory counterclaim to your suit against him;

(b) Whether, except for the above quoted language, the settlement made with you would have operated as a defense to McGuire's suit against you; and

(c) Whether the instrument you have executed cuts us off from that defense.

These questions we will pursue as quickly as we reasonably can; and, when we have reached a final conclusion, we will report it to you and your attorneys. For the present, we merely reserve the right to withdraw from the case and to deny liability if in truth the effect of what has happened appears to be to cut you off from insurance protection.

Note also, please, that the cross action filed against you claims damages in the amount of $515,000.00. Independent of the possibility suggested above, this damage demand is many times your policy limits and you will, I think, want to avail yourself of the right to be represented by independent counsel of your own choice.

The answer which we propose to file on your behalf will be filed during the present week and, when this is done, we will mail copies thereof to the attorneys who represented you in the prosecution of the suit."

On April 26, 1966, Commercial Union Insurance Co. of New York, as plaintiff, filed this suit in Cause No. 43204 against Karen Sue Pryor, individually and as qualified community survivor of her deceased husband, Charles A. Pryor, Billy Pat McGuire and wife, Linda McGuire, praying that the plaintiff do have declaratory judgment relief with respect to the questions involved and accordingly sought a determination by the court of the matters there involved and in part pleaded as follows:

"During the lifetime of Charles A. Pryor, deceased husband of the defendant, Karen Sue Pryor, plaintiff had issued a policy of liability insurance which, within the limits there stated, afforded liability coverage to the said Charles A. Pryor. Defendant, Karen Sue Pryor, having been served with citation with respect to the counterclaim and cross action of defendants, Billy Pat McGuire and wife, Linda McGuire, delivered the citation so served upon her to plaintiff, which answered on her behalf through the attorneys whose names are subscribed to this petition. Before filing such answer, however, plaintiff, by its said attorneys, addressed to the defendant, Karen Sue Pryor, a reservation of rights letter in which, pointing out to her the possibility that the effect of the execution by her of the above described release and judgment might be to cut her off from insurance coverage, it reserved the right to withdraw from the case and to deny liability if in truth the effect of what had happened appeared to

be to cut her off from insurance protection. Such reservation of rights letter was actually received by the defendant, Karen Sue Pryor, certified mail, return receipt requested, January 18, 1966, and before the filing of an answer on her behalf.

## VI

Except as the quoted provisions of the release and judgment may have a contrary effect, the settlement of the suit brought by the defendant, Karen Sue Pryor, against the defendant, Billy Pat McGuire, operates under the law to discharge the defendant, Karen Sue Pryor, from liability to the defendants, Billy Pat McGuire and wife, Linda McGuire, and to preclude the continued prosecution by the defendants, Billy Pat McGuire and Linda McGuire, of what remains in said suit No. 42,009. This is because

(a) whoever paid the settlement figure, defendants, Billy Pat McGuire and Linda McGuire, participated in the settlement in that the settlement was made by the attorneys representing the defendants, Billy Pat McGuire and Linda McGuire, and the action of the attorneys was in law the action of said defendants,

(b) the counterclaim and cross action was a compulsory counterclaim and cross action under the Texas Rules of Civil Procedure, and

(c) it did not lie within the power of the court to sever for separate trial, without prejudice, a compulsory counterclaim.

Pleading on behalf of the defendant, Karen Sue Pryor, in what remains of said suit No. 42,009, plaintiff has urged the settlement as a defense to the McGuire demand. If, though, the quoted provisions of the release and judgment be valid and effective to bar the defendant, Karen Sue Pryor, and through her the plaintiff, from asserting the settlement as a defense to the McGuire demand, then the defendant, Karen Sue Pryor, has under the law and the terms of the policy cut herself off from coverage under plaintiff's policy and plaintiff has no obligation either to defend the counterclaim or cross action brought against the defendant, Karen Sue Pryor, or to pay any recovery which may be decreed against her and in favor of the defendants, Billy Pat McGuire and Linda McGuire.

## VII

The availability to the defendant, Karen Sue Pryor, of the settlement as a defense to the remaining suit against her can be determined in the pending suit No. 42,009, but the effect of the quoted provisions of the release and judgment as discharging plaintiff from responsibility either to defend or to pay cannot be determined in said pending suit, and accordingly plaintiff properly seeks relief under the Uniform Declaratory Judgment Act.

## VIII

Accordingly, plaintiff seeks a determination by the court

(a) that, but for the execution of the release and judgment, the settlement of the suit brought on behalf of the defendant, Karen Sue Pryor, would operate as a defense to the demand now asserted against her by the defendants, Billy Pat McGuire and Linda McGuire,

(b) whether such defense still exists, despite the release and judgment, and

(c) that, if the release and judgment operate to deny the defense, it be decreed that plaintiff is thereby discharged of and from all responsibility under its policy either to defend the counterclaim maintained against the defendant, Karen Sue Pryor, or to pay any recovery which might be decreed in favor of the defendants, Billy Pat McGuire and Linda McGuire."

The same attorneys representing Mrs. Pryor and Mr. and Mrs. McGuire in all these proceedings filed general denial herein. Judgment was entered that plaintiff was denied all relief sought by it. From that judgment, plaintiff perfected this appeal.

■ In this case at bar, there was an automobile accident in which one man was killed and the other severely injured. In a suit for damages as to the nature here involved, the main and controlling issue to be determined was whose negligence caused the accident. The identical facts and issues that were involved in Cause No. 42009 are the same facts and issues that would have to be determined in the cross action suit. It is stated in Hayes v. Norman, Tex.Civ. App., 383 S.W.2d 477, n. r. e., as follows:

> "(2) In order for a severance to be proper there must be more than one cause of action involved in the controversy, the severed cause must be one that would be the proper subject of a lawsuit if independently asserted, and the cause of action severed must not be so interwoven as to involve the same identical facts and issues nor, in certain instances, relate to the same subject matter as the cause from which it is severed. Hall, Severance and Separate Trial in Texas. 36 Texas Law Review 339 (1958), and cases therein cited."

It is to be noticed in this case that the settlement was made in behalf of Karen Sue Pryor, individually and as community survivor of the marital partnership and community estate of Karen Sue Pryor and Charles A. Pryor, deceased. The counterclaim on cross action was against Karen Sue Pryor in that same capacity. All of these transactions in the settlement and the proceedings in connection therewith were known by the McGuires and their attorneys, and they caused or approved the settlement to be entered and secured a release from the community estate of Karen Sue Pryor and Charles A. Pryor. After Mrs. Pryor originally filed suit No. 42009, individually

and as next friend for others and before any other action was had in said suit, she was appointed community administrator. The McGuires filed their cross action in that suit against Karen Sue Pryor, individually and as community survivor of the marital partnership and community estate of Karen Sue Pryor and Charles A. Pryor, deceased, and citation therein was duly issued and served on Mrs. Pryor as community survivor. Consequently, all of the parties involved in the original suit No. 42009 as to the negligence of the party causing the damage were brought into that suit.

In this particular action, the trial court held as a matter of law that the claim of Mr. and Mrs. McGuire for damages resulting from the collision of April 27, 1965, was not a compulsory counterclaim under Rule 97(a) of the Texas Rules of Civil Procedure and was not barred or affected in any manner by the settlement and judgment in Cause No. 42009. Rule 97(a) provides as follows:

> "(a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim within the jurisdiction of the court, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

It is stated in Heights Funeral Home v. McClain, Tex.Civ.App., 288 S.W.2d 839, n. r. e., as follows:

> "(1, 2) The rule just quoted contemplates situations where the primary parties—the cross-plaintiff and at least one cross-defendant—are already before the court as parties to the action. It does not contemplate a situation where no cross-defendant is a party to the action and one can be brought in only with leave of the court and for such purposes

only as the court may permit. The latter situation is governed by Rule 38(a), supra."

It is also stated in Robertson v. Melton's Estate, Tex.Civ.App., 306 S.W.2d 811, writ refused, as follows:

"We think Rule 97(a) is inapplicable, since Mrs. Melton and her son sued appellant in their individual capacities and appellant had no cause of action against either of them which he could have asserted by way of counterclaim. The Rule, itself, is as follows:

" '(a) Compulsory Counterclaim. A pleading shall state as a counterclaim any claim within the jurisdiction of the court, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.' (Emphasis added.)

"Appellant makes no pretense to a cause of action against Mrs. Melton, herself; he sues her only in her representative capacity as community administratrix. And the record does not disclose that during pendency of her suit against him he could have sued her in her representative capacity, even if he had wished to do so. It is silent as to when she qualified as community administratrix."

See also Stringer v. Munnell, Tex.Civ. App., 390 S.W.2d 484, writ refused.

■ After a question of law or an issue of fact has been litigated and adjudicated in a court of competent jurisdiction, the same matter cannot be relitigated in a subsequent suit between the same parties or those in privity with them. Swilley v. McCain, 374 S.W.2d 871 (Sup.Court).

■ The McGuires had full knowledge, and through their attorneys, approved the settlement whereby the Phoenix Insurance Co. of Hartford, in behalf of the McGuires and Traylor, paid $10,000.00 to the Pryors and caused a release to be issued by Karen Sue Pryor, individually and as community survivor of the community estate of Karen Sue Pryor and Charles A. Pryor. When McGuires requested and secured a severance of the cross action in the original suit, that was a withdrawal of their counterclaim in that suit and they then had no counterclaim filed as they were required to do under Rule 97(a). Beach v. Runnels, Tex.Civ.App., 379 S.W.2d 684, writ refused; Harris v. Jones, Tex.Civ.App., 404 S.W.2d 349, writ refused; Stringer v. Munnell, Tex.Civ.App., 390 S.W.2d 484, writ refused.

We are of the opinion and so hold that since the estate of Charles A. Pryor was brought into this suit No. 42009 and a recovery had therein with the consent of the McGuires, in favor of the plaintiffs in the sum of $10,000.00, and a release by Karen Sue Pryor, individually and as community survivor of the marital partnership and communty estate of Karen Sue Pryor and Charles A. Pryor, and McGuires had that settlement approved by the trial court, that was a settlement as against the Charles A. Pryor estate. The McGuires had no cause of action against Mrs. Pryor only as community survivor of the community estate of Charles A. Pryor. Hayes v. Norman, Tex.Civ.App., 383 S.W.2d 477, n. r. e., Stringer v. Munnell, Tex.Civ.App., 390 S. W.2d 484, writ refused; Robertson v. Melton's Estate, Tex.Civ.App., 306 S.W.2d 811, writ refused.

We are of the further opinion under this record, and so hold, that the court erred in refusing declaratory judgment in favor of the Commercial Union Insurance Co. of New York and in holding as a matter of law that the claim of Mr. and Mrs. McGuire for damages resulting from the collision of April 27, 1965, was not a compulsory counterclaim under Rule 97(a), Texas Rules of Civil Procedure and was not barred or affected in any manner by the

settlement and judgment in Cause No. 42009. We are further of the opinion that when Mrs. Pryor, as survivor of the community estate, made and entered into the above mentioned agreement without the knowledge or consent of Commercial Union she released said company of any claims she might have had under the policy issued to Charles A. Pryor.

Judgment of the trial court is reversed and judgment here rendered that Commercial Union Insurance Co. of New York is hereby discharged of and from all responsibility under its policy to defend the counterclaim against Karen Sue Pryor, and is hereby discharged from paying any recovery which might be decreed in favor of the defendants, Billy Pat McGuire and Linda McGuire. Judgment of the trial court is reversed and rendered.