Billy Pat McGUIRE et ux., Petitioners,

v.

**COMMERCIAL UNION INSURANCE COMPANY OF NEW YORK, Respondent.**

No. B–728.

Supreme Court of Texas.

July 10, 1968.

Rehearing Denied Oct. 2, 1968.

Gibson, Ochsner, Harlan, Kinney & Morris, S. Tom Morris, Amarillo, for petitioners.

Hardie, Grambling, Sims & Galatzan, El Paso, Underwood, Wilson, Sutton, Heare & Berry, R. A. Wilson, Amarillo, for respondent.

GREENHILL, Justice.

This is a declaratory judgment action brought by respondent Commercial Union Insurance Company to determine its obligations under a liability insurance policy issued to Charles A. Pryor. The controversy arose from a two-car collision in which the insured, Charles Pryor, was killed, and petitioner Billy Pat McGuire was seriously injured. Karen Sue Pryor, the surviving widow of Charles Pryor, filed a wrongful death action against Billy McGuire and Leonard Traylor on behalf of herself, her minor child, and the parents of Charles Pryor. The plaintiffs prayed for wrongful death damages and also sought damages for the funeral services and burial expenses occasioned by the death of Charles Pryor. That suit alleged that Billy McGuire's negligence was the proximate cause of the accident that resulted in Charles Pryor's death, and that at the time of the accident, McGuire was acting as an employee of Leonard Traylor.

The insurance carrier of McGuire and Traylor indicated its willingness to pay $10,-000 on behalf of McGuire and Traylor in settlement of this wrongful death claim, and a compromise settlement agreement was prepared. The attorneys who represented that insurance company also filed an answer on behalf of McGuire, asserting a cross-action or counterclaim which alleged that the accident was proximately caused by the negligence of the deceased, Charles Pryor. This counterclaim named as defendant Karen Sue Pryor, "individually and as community survivor of the marital partnership and community estate of Karen Sue Pryor and Charles A. Pryor."

The following events also took place on December 28, 1965, the day that the McGuire answer and counterclaim were filed. The attorneys for McGuire filed a motion requesting that the McGuire counterclaim be severed from the original suit; and the compromise settlement agreement between Karen Sue Pryor and the insurance company representing McGuire and Traylor was filed with the court for approval. The dis-

trict court entered an order granting the severance motion, severing the Pryor wrongful death suit from the McGuire counterclaim. Thereafter, the trial court approved the compromise settlement agreement (because a minor plaintiff was involved); and the settlement agreement became an agreed judgment.

Commercial Union Insurance Company had issued a non-owner type policy of insurance to the above-mentioned Charles A. Pryor, a highway patrolman. As indicated below, Mrs. Pryor was served with citation on the cross-action on December 28 during the above proceedings. She promptly mailed the citation to Commercial.

Commercial Union duly received the Pryor citation and filed an answer on her behalf, but reserved its right to refuse to defend the suit or pay any judgment in favor of the McGuires. Thereafter, Commercial Union filed this suit as a declaratory judgment action, seeking a determination that it was not obligated to defend the McGuire counterclaim or pay any amount which might be adjudged against Karen Sue Pryor in favor of the McGuires. The trial court denied Commercial Union any relief. The Court of Civil Appeals, however, reversed the action of the trial court and rendered judgment for Commercial Union. It held that "when Mrs. Pryor, as survivor of the community estate, made and entered into the . . . agreement without the knowledge or consent of Commercial Union she released said company of any claims she might have had under the policy issued to Charles A. Pryor." Commercial Union Ins. Co. of New York v. Pryor, 423 S.W.2d 364.

The questions before this Court concern the effect of a compromise settlement agreement and agreed judgment which disposes of one conflicting claim arising out of a motor vehicle accident while purporting to preserve and not prejudice the other conflicting claim. It is admitted that the liability insurance policy issued to Charles Pryor was in force on the date of

the accident, but it is contended by Commercial Union that the settlement agreement and agreed judgment operated to discharge it from its obligations under the insurance policy issued to Charles Pryor.

The compromise settlement agreement expressly included provisions intended to preserve the McGuire counterclaim and to insure that the McGuire claim would not be affected by the entry of an agreed judgment in the Pryor wrongful death claim. The pertinent provisions of the compromise settlement agreement which was approved by the trial court are set out in the opinion of the Court of Civil Appeals. 423 S.W.2d at 365 and 366. In substance, it recognized that a dispute existed between the parties as to liability and the amount thereof, if any; that although disclaiming any liability on the part of McGuire and Traylor, the Phoenix of Hartford Insurance Company [insurer for McGuire and Traylor] was willing to pay $10,000 in settlement; it therefore was agreed that in consideration of the payment of $10,000 by Phoenix to Karen Sue Pryor, individually and as community survivor, and to the other plaintiffs in that suit, the plaintiffs Pryor et al. released McGuire, Traylor and Phoenix from all liability from all claims arising out of the death of Charles Pryor. The agreement then recites that it was understood that the McGuires had asserted counter-claims for damage because of the injury to Billy Pat McGuire. It continues to state that:

" . . . said counter-claim has been severed by order of the Court . . . and shall remain pending as a separate cause . . . ; that this compromise and settlement and the judgment entered in pursuance hereof shall in no way affect or prejudice such counter-claim or any other cause of action which may be asserted by any person by reason of the injuries sustained by Billy Pat McGuire in said collision, all such claims and causes of action being expressly protected and reserved."

"It is further understood and agreed that this compromise settlement agreement, the fact of the settlement and the judgment entered in pursuance hereof shall never be used or admissible in evidence against any of the parties re-. leased hereby."

As stated, the Court of Civil Appeals held that the execution of the above agreement by Karen Sue Pryor operated to discharge Commercial Union from its obligations under the Pryor insurance policy.

■ In order for the settlement and agreed judgment to have such effect, it must have interfered with Commercial Union's contract right to defend the McGuire claim by prejudicing Commercial Union or depriving it of an otherwise available defense. The opinion of the Court of Civil Appeals includes holdings that the provisions of the settlement agreement which preserved the McGuire counterclaim deprived Commercial Union of several defenses, including the McGuires' failure to assert a compulsory counterclaim, res judicata, and the right to introduce the settlement agreement into evidence as a defense to the McGuire claim. We cannot agree with the Court of Civil Appeals holdings because we are of the opinion that the settlement agreement did not prejudice Commercial Union or deprive it of any available defense to the McGuire counterclaim.

■ In the first place, the severance of the McGuire claim and the entry of an agreed judgment would not provide a defense under Rule 97(a) for the failure to assert a compulsory counterclaim. It is not necessary to determine whether or not the McGuire claim was, in fact, a compulsory counterclaim, since the trial court had the discretionary power to sever the McGuire claim. Rule 41, Texas Rules of Civil Procedure, provides that "any claim against a party may be severed and proceeded with separately." This rule refers to a claim which is a severable part of a controversy which involves more than one

cause of action. Rose v. Baker, 143 Tex. 202, 183 S.W.2d 438 (1944). Rule 41 grants the trial judge broad discretion in the matter of consolidation and severance of causes. Pierce v. Reynolds, 160 Tex. 198, 329 S.W.2d 76 (1959); Hamilton v. Hamilton, 154 Tex. 511, 280 S.W.2d 588 (1955). The wrongful death action brought by Mrs. Pryor was a separate and distinct cause of action from the personal injury action brought by the McGuires. Since these causes were separate and distinct, each being such that it could be properly tried if it were the only claim in controversy, the two claims were properly severable under Rule 41. Kansas University Endowment Association v. King, 162 Tex. 599, 350 S.W.2d 11, 19 (1961). Because of the settlement of the Pryor claim, the severance did not result in duplicitous trials of interwoven or identical issues which might make a severance inappropriate under other circumstances. We construe Rule 41 and the above cases as authorizing the trial court to sever the McGuire counterclaim, enter the agreed judgment in the Pryor claim, and preserve the McGuire claim on the docket for trial at a later date. Under these circumstances, the McGuire claim was not barred by the failure to assert a compulsory counterclaim, as in Beach v. Runnels, 379 S.W.2d 684 (Tex.Civ.App.1964, writ refused) and Stringer v. Munnell, 390 S.W.2d 484 (Tex.Civ.App.1965, writ refused). We are unable to find any cases holding that the proper severance of a counterclaim and the entry of judgment in the original suit operates as a withdrawing of the counterclaim and provides a defense thereto, and we hold that the language of Rule 41 and the cases construing the rule preclude such a result. Therefore, under the circumstances, Commercial Union had no defense available with respect to the failure to assert a compulsory counterclaim; and the provisions of the settlement agreement and agreed judgment preserving the McGuire claim did not prejudice Commercial Union or deprive it of a defense under the *Stringer* and *Beach* cases.

We are further persuaded that the preservation of the McGuire counterclaim did not deprive Commercial Union of an otherwise available defense of res judicata. As we understand this contention, it is that the agreed judgment would be determinative of the issues of liability on the part of McGuire and thus res judicata of a claim arising from the same accident, but that Karen Sue Pryor contracted away this defense by the provisions in the settlement agreement preserving the McGuire claim. The doctrine of res judicata precludes subsequent relitigation by the same parties of a question of law or isssue of fact which has been determined by a court of competent jurisdiction. Swilley v. McCain, 374 S.W.2d 871 (Tex.Sup.1964). However, the issue of liability was not determined in the proceedings which led to the approval of the settlement agreement and the entry of the agreed judgment in the wrongful death action. The agreed judgment, which was based on the compromise settlement agreement quoted earlier, determined that the "compromise settlement is in all things fair and reasonable and should be and is hereby in all respects approved." The court's judgment also apportioned the proceeds from the settlement between the surviving widow and the minor son. Rule 44(2) requires the court to approve compromise suits and agreed judgments before a minor plaintiff is bound·by such agreements. Since the agreed judgment entered by the court was based upon the compromise settlement agreement quoted earlier, and expressly approved the settlement agreement which disclaimed any liability on the part of McGuire, it cannot be successfully contended that the court's judgment included an adjudication of the issues of liability or negligence. The monetary recovery decreed against the defendants in the agreed judgment was based upon the compromise settlement agreement, not upon any adjudication of liability. Commercial Union is still free to assert all defenses to the McGuire suit including want of negligence on

Pryor's part, contributory negligence on McGuire's part, and the like. Under these circumstances, the agreed judgment could not be determinative of the issues of liability and would not be res judicata in a subsequent suit preserved by severance. Commercial Union was not deprived of a defense of res judicata by the contractual provisions in the settlement agreement preserving the McGuire counterclaim.

The settlement agreement did not otherwise prejudice Commercial Union's defense of the McGuire claim. The agreement would not be admissible in evidence on the issues of liability or as an admission against interest, even without the contractual declarations so providing, because it was made in settlement of disputed claims and expressly disclaims any liability on the part of McGuire and Traylor. Such a settlement agreement is not admissible as an admission against interest or otherwise, because to admit such agreements would frustrate the policy favoring the settlement of lawsuits. 2 McCormick & Ray, Texas Law of Evidence § 1142 (2nd Ed. 1956); 29 Am.Jur.2d §§ 629–632; Skyline Cab Co. v. Bradley, 325 S.W.2d 176 (Tex. Civ.App.1959, writ ref'd n. r. e.).

Furthermore, the participation by the McGuires in the settlement agreement through their attorneys could not operate as an estoppel against the McGuire claim because the McGuires never purported to waive their claim or otherwise mislead Mrs. Pryor or Commercial Union.

We recognize the rule that, because of the provisions of an insurance policy granting the insurer the right to defend suits and requiring the assured to cooperate with the company, the assured cannot make any agreement which would operate to impose liability upon his insurer or would deprive the insurer of the use of a valid defense. Universal Automobile Insurance Co. v. Culberson, 126 Tex. 282, 86 S.W.2d 727, 87 S.W.2d 475 (1935); Cen-

tury Lloyds v. Barnett, 259 S.W.2d 768 (Tex.Civ.App.1953, writ refused). However, this principle will not operate to discharge the insurer's obligations under the policy unless the insurance company is actually prejudiced or deprived of a valid defense by the actions of the insured. As previously discussed, this is not the case here. Commercial Union has every defense that would be available to it had the wrongful death action not been compromised or settled and was still pending on the docket with the McGuire counterclaim. Karen Sue Pryor, as party plaintiff in the wrongful death action, was authorized to prosecute or settle her claim without the consent of Commercial Union as long as her settlement did not prejudice Commercial Union's defense of the McGuire counterclaim. Since the settlement agreement and agreed judgment did not deprive Commercial Union of any defense that would have been available without the contractual provisions in the agreement preserving the McGuire claim, we hold that the settlement of the wrongful death action did not operate to discharge Commercial Union from its obligations under the liability insurance policy issued to Charles A. Pryor.

The judgment of the Court of Civil Appeals is reversed and the judgment of the trial court is affirmed.

GRIFFIN, J., dissents.

DISSENTING OPINION

GRIFFIN, Justice.

I respectfully dissent and adopt the opinion of the Court of Civil Appeals herein as my opinion in this case.

If a compulsory counter-claim can be severed, then I think it was an abuse of discretion on the part of the trial judge to sever in this case.