**John J. STEVENSON, Jr., Individually and as Trustee, Appellant,**

v.

**Travis B. REESE, Trustee, Appellee.**

**No. A2232.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Jan. 16, 1980.

Rehearing Denied Feb. 6, 1980.

Thomas W. George, Nobles, George & Belt, Austin, Donald S. Stirman, Little & Dickey, Houston, for appellant.

Eugene J. Pitman, DeLange, Hudspeth, Pitman & Katz, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and MILLER and PRESSLER, JJ.

PAUL PRESSLER, Justice.

This is an appeal from a summary judgment granted in a trespass to try title action.

Appellant was trustee and managing partner of the FM 359 Joint Venture, which purchased the property involved in this suit. The FM 359 group then sold the tract to the Brazos 125 Joint Venture and subsequently the two groups merged. As an express condition of the merger, appellant was given the exclusive right and duty to develop the tract in question. Appellant alleges that in spite of this condition, Dr. Ramon Garrido, head of the Brazos group, conspired with appellee and others to develop the tract in violation of appellant's partnership rights and obligations. Consequently, appellant brought a suit against the alleged conspirators on claims of fraud, conspiracy, breach of contract, and violation of the Deceptive Trade Practices Act. Proper venue for that suit was found to be in Fort Bend County, where the cause was transferred.

Subsequently, appellee, as trustee, filed this suit as a trespass to try title action. Appellant filed his Motion to Dismiss this action and a Motion to Consolidate this suit with the case he had previously filed. He also filed his opposition to plaintiff's Motion for Summary Judgment in this cause. Final Judgment was entered granting appellee's Motion for Summary Judgment and denying appellant's Motions to Dismiss and to Consolidate.

■■ In his first point of error, appellant contends the court abused its discretion in overruling his Motion to Consolidate. Tex.R.Civ.P. 174(a) provides, "[w]hen actions involving a common question of law or fact are pending before the Court, it may order a joint hearing or trial of any or all the matters in issue in the actions . . ." The trial court has broad discretion in the matter of consolidation of causes, and its action will not be disturbed on appeal except for abuse of discretion. *Kemp v. Harrison*, 431 S.W.2d 900 (Tex.Civ.App.-Houston [14th Dist.] 1968, writ ref'd n. r. e.). We hold that the trial court did not abuse its discretion in refusing to consolidate the two causes.

■■ Appellant contends in his second point of error that the court erred in overruling his Motion to Dismiss. This motion was based on appellant's contention that appellee's action constitutes a compulsory counterclaim under Tex.R.Civ.P. 97(a) and, having not been asserted in appellant's original answer, it is conclusively lost. Rule 97(a) requires that, "[a] pleading shall state as a counterclaim any claim within the jurisdiction of the court, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . ." We hold that dismissal was not mandated by Tex.R.Civ.P. 97(a). The rule does not apply where the plaintiff in the second suit is not a party defendant in the first suit. *Price v. Couch*, 462 S.W.2d 556 (Tex.1970). Nor does the rule apply where the plaintiff in the second suit is suing in a different capacity than that in which he was sued in the first suit. *Robertson v. Estate of Melton*, 306 S.W.2d 811 (Tex.Civ.App.-Beaumont 1957, writ ref'd). If in the first suit the defendant is designated in one capacity, but brings a second suit in another capacity, and such distinction is not frivolous, then Rule 97(a) will not apply since there is no identity of parties in the two suits. But if the change in capacity appears to be for no other reason than to escape the consequences of having failed to file a compulsory counterclaim in the first suit, dismissal of the second suit shall be required under Tex.R.Civ.P. 97(a). We hold that the change in capacities by the appellee in this case was not frivolous as he could have brought this trespass to try title action only in his capacity as trustee.

■■ In his third point of error, appellant contends the court erred in granting appellee's Motion for Summary Judgment because he alleges genuine issues of material fact exist. In appellant's Motion and Authorities in Opposition to Plaintiff's Motion for Summary Judgment, he alleges that the conveyance to Travis Reese, Trustee, was "a sham conveyance." This allegation constitutes an affirmative defense under Tex.R.Civ.P. 94. An affirmative de-

fense can be utilized by the non-movant in a Summary Judgment proceeding in order to raise "a genuine issue as to any material fact" and thereby defeat the Motion for Summary Judgment under Tex.R.Civ.P. 166–A. However, when the non-movant is relying on an affirmative defense for this purpose, he must present sufficient written evidence in support of that defense in order to give rise to an issue of fact. *Seale v. Nichols*, 505 S.W.2d 251 (Tex.1974). The pleading of an affirmative defense, alone, as was done by appellant in his Motion and Authorities in Opposition to Plaintiffs Motion for Summary Judgment, will not "defeat a motion for summary judgment by a plaintiff whose proof conclusively establishes his right to an instructed verdict if no proof were offered by his adversary in a conventional trial on the merits." *Nichols v. Smith*, 507 S.W.2d 518, 520 (Tex.1974). As the appellant failed to introduce written evidence in contravention of the evidence offered by appellee in support of his Motion for Summary Judgment, we hold that the trial court did not err in rendering a summary judgment for appellee.

Affirmed.