# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00325-CV

**David Holmes, Appellant**

**v.**

**Texas Department of Protective and Regulatory Services, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
### NO. FM000579, HONORABLE PAUL DAVIS, JUDGE PRESIDING

Appellant David Holmes appeals from a district-court judgment terminating his parental rights to his son, K.H. By four issues, Holmes claims the district court erred in failing to timely appoint counsel to represent him, overruling his motion for severance, admitting evidence of his criminal history, and improperly instructing the jury. We will overrule Holmes=s issues and affirm the district court=s judgment.

## BACKGROUND[1]

On January 25, 2000, the Texas Department of Protective and Regulatory Services filed a petition seeking termination of Holmes=s parental rights to K.H., who was seven at the time of trial. The Department also sued Ramada Bryant, K.H.=s mother, for termination of her parental rights to K.H. and

---

[1] Because Holmes does not challenge the sufficiency of the evidence as a basis for his appeal, we will confine our review of the record to the relevant procedural details.

three other children, not Holmes=s children.  The Department also sought termination of the parental rights of Jesse Williams, the father of two of those children, and Taylor Johnson, the father of the remaining child.

The district court appointed counsel for Holmes on November 13, 2000.  Trial was set for the week of January 22, 2001.  Before trial, Holmes filed a motion to sever, arguing that because each of the requested terminations involved different facts and evidence, he would be prejudiced by a joint trial. The district court overruled Holmes=s motion.**2**

The case proceeded to trial, and following the presentation of evidence, a jury found that the parental rights of Holmes, Williams, Johnson, and Bryant to their children should be terminated.**3**  The

---

**2**  No order overruling the motion to sever appears in the record, and there is no record of a hearing on the motion.  According to comments made by Holmes=s counsel just before the trial commenced, however, it appears that the district court had considered the motion and overruled it:

> Your Honor, in keeping with the motion I had filed earlier last week and reurged on Monday with regard to the severance, there are a number of evidentiary documents that relate to the other respondents in the case. . . .  I object that they come in as related to my case, just to make sure it=s in the record.  And I understand you=ve already made a ruling on this motion.

**3**  Williams, Johnson, and Bryant did not appear at trial; Williams and Johnson, however, were represented by counsel throughout the trial.  Holmes is the only parent to appeal.

district court rendered a final decree on March 5, 2001 in accordance with the jury=s findings. Holmes filed a motion for new trial, which the district court denied.

## DISCUSSION

By his first issue, Holmes argues that he was unfairly prejudiced because the district court failed to appoint counsel to represent him at the inception of the termination case.[4] The Department filed its original petition on January 25, 2000. Although Holmes informed the Department that he desired a court-appointed attorney in March, the district court was not informed of Holmes=s request until October. The court appointed counsel for Holmes on November 13. A jury trial commenced on January 22, 2001.

The appointment of an attorney for indigent parents faced with involuntary termination of parental rights is mandated by statute. Tex. Fam. Code Ann. ' 107.013(a)(1) (West Supp. 2002). That statute provides: AIn a suit in which termination of the parent-child relationship is requested, the court shall appoint an attorney ad litem to represent the interests of: (1) an indigent parent of the child who responds in opposition to the termination.@ *Id.* The complete failure of a court to appoint counsel for indigent parents constitutes reversible error. *In re M.J.M.L.*, 31 S.W.3d 347, 354 (Tex. App.CSan Antonio 2000, pet. denied). The statute, however, does not include a deadline by which the court must appoint counsel. *Id.* Thus, the district court was not obligated to appoint counsel for Holmes at the inception of the case, and the appointment of counsel a year after the petition was first filed but two months before trial does not violate section 107.013. Holmes=s first issue is overruled.

---

[4] Holmes does not allege that the district court=s delay in appointing counsel violated his constitutional rights. Thus, we do not address that issue.

By his second issue, Holmes argues that the district court erred in overruling his motion to sever. Holmes was one of four parents involved in the termination suit. He argues that each termination case involved different facts and different evidence and that the facts and evidence regarding the other parents should not have been commingled with the facts of his case. Doing so was prejudicial to his case, Holmes contends.

A claim is severable if: (1) the controversy involves more than one cause of action; (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted; and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues. Tex. R. Civ. P. 40; *Guaranty Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990). We review a court=s ruling on a motion to sever to determine if the court abused its discretion; that is, whether the court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985); *McGuire v. Commercial Union Ins. Co.*, 431 S.W.2d 347, 351 (Tex. 1968).

Holmes argues that evidence regarding Bryant=s (the mother=s) conduct was prejudicial to his case, but directs this Court to no specific evidence adduced during the trial that he contends was harmful. One of the Department=s bases for termination of Holmes=s parental rights was that he had knowingly placed or knowingly allowed his son to remain in conditions or surroundings that endangered his physical or emotional well-being and that he had engaged in conduct or knowingly placed his son with persons who engaged in conduct that endangered his physical or emotional well-being. During the trial, the Department presented evidence of Bryant=s substance abuse as well as her relationship with Williams, the

4

father of two of her children, and Williams=s substance-abuse problems.  The conditions in which Bryant

and her children lived were also recounted by witnesses for the Department.  According to the evidence

presented at trial, Holmes had entrusted K.H. to Bryant=s care for a weekend, while he was in San Antonio,

when Bryant overdosed; K.H. was subsequently removed from Holmes=s care.  The district court could

have concluded that evidence of Bryant=s conduct and her living conditions was relevant to the issue of

whether Holmes had knowingly placed his son with persons who engaged in conduct that endangered his

physical or emotional well-being as well as to the issue of K.H.=s welfare with both parents and that these

issues were sufficiently interwoven to justify a joint trial.  We cannot say that the district court abused his

discretion in refusing to sever the cases, and we overrule Holmes=s second issue on appeal.

Holmes next argues that the district court erred in admitting evidence of misdemeanor

offenses and other miscellaneous offense reports.  In a cursory, one-paragraph argument, he contends that

the Department should not have been allowed to introduce evidence relating to criminal matters in which

Holmes was either a suspect, witness, or victim.  Holmes, however, neither directs this Court to the

testimony and evidence to which he refers nor explains why the admission of this evidence was prejudicial

or harmful error.  *See* Tex. R. App. P. 38.1(h).  Thus, he presents nothing for our review, and we overrule

his third issue.

Finally, Holmes argues in a scant paragraph that the district court erred in the court=s

response to a question from the jury.  During deliberations, the jury presented two questions to the court,

one of which related to Holmes:  AAre the rights of paternal grandmother, Eloise Holmes, to adopt [K.H.]

permanently affected or terminated, should [Holmes=s] parental rights to [K.H.] be terminated?@  After

5

conferring with all parties, the district court prepared and submitted to the jury answers to each question.

With regard to the question concerning Holmes, the court responded:

> As regards the child [K.H.], only the rights of his father David Holmes are before you. Please re-read instruction number 11 and instruction number 2 in the Charge. You are to consider only the evidence admitted in this case and the questions you have been asked in the Charge of the Court. Do not concern yourselves with the effect of your answers.

Holmes complains that the answer to the question relating to his case was improper and prejudicial, arguing that it impermissibly commented on the weight of the evidence and directed the jury in an improper way.

Again, Holmes cites no authority in support of his proposition and presents nothing for our review. *See id.* His fourth issue is overruled.

Having overruled all of Holmes=s issues on appeal, we affirm the district court=s judgment.


Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: July 26, 2002

Do Not Publish

6