TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00325-CV







David Holmes, Appellant


v.


Texas Department of Protective and Regulatory Services, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT

NO. FM000579, HONORABLE PAUL DAVIS, JUDGE PRESIDING





 Appellant David Holmes appeals from a district-court judgment terminating his
parental rights to his son, K.H. By four issues, Holmes claims the district court erred in failing to
timely appoint counsel to represent him, overruling his motion for severance, admitting evidence of
his criminal history, and improperly instructing the jury. We will overrule Holmes's issues and
affirm the district court's judgment.


BACKGROUND (1)

 On January 25, 2000, the Texas Department of Protective and Regulatory Services
filed a petition seeking termination of Holmes's parental rights to K.H., who was seven at the time
of trial. The Department also sued Ramada Bryant, K.H.'s mother, for termination of her parental
rights to K.H. and three other children, not Holmes's children. The Department also sought
termination of the parental rights of Jesse Williams, the father of two of those children, and Taylor
Johnson, the father of the remaining child.

 The district court appointed counsel for Holmes on November 13, 2000. Trial was
set for the week of January 22, 2001. Before trial, Holmes filed a motion to sever, arguing that
because each of the requested terminations involved different facts and evidence, he would be
prejudiced by a joint trial. The district court overruled Holmes's motion. (2)

 The case proceeded to trial, and following the presentation of evidence, a jury found
that the parental rights of Holmes, Williams, Johnson, and Bryant to their children should be
terminated. (3) The district court rendered a final decree on March 5, 2001 in accordance with the
jury's findings. Holmes filed a motion for new trial, which the district court denied. 


DISCUSSION

 By his first issue, Holmes argues that he was unfairly prejudiced because the district
court failed to appoint counsel to represent him at the inception of the termination case. (4) The
Department filed its original petition on January 25, 2000. Although Holmes informed the
Department that he desired a court-appointed attorney in March, the district court was not informed
of Holmes's request until October. The court appointed counsel for Holmes on November 13. A
jury trial commenced on January 22, 2001. 

 The appointment of an attorney for indigent parents faced with involuntary
termination of parental rights is mandated by statute. Tex. Fam. Code Ann. § 107.013(a)(1) (West
Supp. 2002). That statute provides: "In a suit in which termination of the parent-child relationship
is requested, the court shall appoint an attorney ad litem to represent the interests of: (1) an indigent
parent of the child who responds in opposition to the termination." Id. The complete failure of a
court to appoint counsel for indigent parents constitutes reversible error. In re M.J.M.L., 31 S.W.3d
347, 354 (Tex. App.--San Antonio 2000, pet. denied). The statute, however, does not include a
deadline by which the court must appoint counsel. Id. Thus, the district court was not obligated to
appoint counsel for Holmes at the inception of the case, and the appointment of counsel a year after
the petition was first filed but two months before trial does not violate section 107.013. Holmes's
first issue is overruled.

 By his second issue, Holmes argues that the district court erred in overruling his
motion to sever. Holmes was one of four parents involved in the termination suit. He argues that
each termination case involved different facts and different evidence and that the facts and evidence
regarding the other parents should not have been commingled with the facts of his case. Doing so
was prejudicial to his case, Holmes contends.

 A claim is severable if: (1) the controversy involves more than one cause of action;
(2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted;
and (3) the severed claim is not so interwoven with the remaining action that they involve the same
facts and issues. Tex. R. Civ. P. 40; Guaranty Fed. Sav. Bank v. Horseshoe Operating Co., 793
S.W.2d 652, 658 (Tex. 1990). We review a court's ruling on a motion to sever to determine if the
court abused its discretion; that is, whether the court acted without reference to any guiding rules and
principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985); McGuire
v. Commercial Union Ins. Co., 431 S.W.2d 347, 351 (Tex. 1968). 

 Holmes argues that evidence regarding Bryant's (the mother's) conduct was
prejudicial to his case, but directs this Court to no specific evidence adduced during the trial that he
contends was harmful. One of the Department's bases for termination of Holmes's parental rights
was that he had knowingly placed or knowingly allowed his son to remain in conditions or
surroundings that endangered his physical or emotional well-being and that he had engaged in
conduct or knowingly placed his son with persons who engaged in conduct that endangered his
physical or emotional well-being. During the trial, the Department presented evidence of Bryant's
substance abuse as well as her relationship with Williams, the father of two of her children, and
Williams's substance-abuse problems. The conditions in which Bryant and her children lived were
also recounted by witnesses for the Department. According to the evidence presented at trial,
Holmes had entrusted K.H. to Bryant's care for a weekend, while he was in San Antonio, when
Bryant overdosed; K.H. was subsequently removed from Holmes's care. The district court could
have concluded that evidence of Bryant's conduct and her living conditions was relevant to the issue
of whether Holmes had knowingly placed his son with persons who engaged in conduct that
endangered his physical or emotional well-being as well as to the issue of K.H.'s welfare with both
parents and that these issues were sufficiently interwoven to justify a joint trial. We cannot say that
the district court abused his discretion in refusing to sever the cases, and we overrule Holmes's
second issue on appeal.

 Holmes next argues that the district court erred in admitting evidence of misdemeanor
offenses and other miscellaneous offense reports. In a cursory, one-paragraph argument, he contends
that the Department should not have been allowed to introduce evidence relating to criminal matters
in which Holmes was either a suspect, witness, or victim. Holmes, however, neither directs this
Court to the testimony and evidence to which he refers nor explains why the admission of this
evidence was prejudicial or harmful error. See Tex. R. App. P. 38.1(h). Thus, he presents nothing
for our review, and we overrule his third issue.

 Finally, Holmes argues in a scant paragraph that the district court erred in the court's
response to a question from the jury. During deliberations, the jury presented two questions to the
court, one of which related to Holmes: "Are the rights of paternal grandmother, Eloise Holmes, to
adopt [K.H.] permanently affected or terminated, should [Holmes's] parental rights to [K.H.] be
terminated?" After conferring with all parties, the district court prepared and submitted to the jury
answers to each question. With regard to the question concerning Holmes, the court responded: 


 As regards the child [K.H.], only the rights of his father David Holmes are before
you. Please re-read instruction number 11 and instruction number 2 in the Charge. 
You are to consider only the evidence admitted in this case and the questions you
have been asked in the Charge of the Court. Do not concern yourselves with the
effect of your answers.

Holmes complains that the answer to the question relating to his case was improper and prejudicial,
arguing that it impermissibly commented on the weight of the evidence and directed the jury in an
improper way. Again, Holmes cites no authority in support of his proposition and presents nothing
for our review. See id. His fourth issue is overruled.

 Having overruled all of Holmes's issues on appeal, we affirm the district court's
judgment.



 

 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: July 26, 2002

Do Not Publish
1. Because Holmes does not challenge the sufficiency of the evidence as a basis for his
appeal, we will confine our review of the record to the relevant procedural details.
2. No order overruling the motion to sever appears in the record, and there is no record of
a hearing on the motion. According to comments made by Holmes's counsel just before the trial
commenced, however, it appears that the district court had considered the motion and overruled it: 


 Your Honor, in keeping with the motion I had filed earlier last week and reurged
on Monday with regard to the severance, there are a number of evidentiary
documents that relate to the other respondents in the case. . . . I object that they
come in as related to my case, just to make sure it's in the record. And I
understand you've already made a ruling on this motion.
3. Williams, Johnson, and Bryant did not appear at trial; Williams and Johnson, however,
were represented by counsel throughout the trial. Holmes is the only parent to appeal.
4. Holmes does not allege that the district court's delay in appointing counsel violated his
constitutional rights. Thus, we do not address that issue.