**Jo Ann Portwood BUCKALEW, Guardian, Appellant,**

v.

**Dannie Portwood FANCHER, Appellee.**

**No. 4233.**

Court of Civil Appeals of Texas.

Eastland.

Feb. 2, 1968.

Thornton. Thornton & Fisher, R. E. Thornton, Olney, for appellant.

Jennings, Montgomery & Dies, Frank Jennings, Graham, for appellee.

GRISSOM, Chief Justice.

Dannie Portwood Fancher obtained a judgment against Jo Ann Portwood Buckalew, as guardian of the estates of Harley Portwood, Linda Jo Portwood and Billy Sunday Portwood, Jr., minors, and others for title and possession of a tract of land. The guardian attempted to appeal. She gave notice and bond. Thereafter, counsel for appellant and appellee executed a written agreement that appellant might file the transcript and statement of facts within 20 days after expiration of the time provided by law, "hereby waiving all requirements of law to the contrary." Texas Rules of Civil Procedure, rule 386 requires that the transcript and statement of facts be filed within 60 days from rendition of the judgment. But, it further provides that by filing a motion within 15 days after expiration of such 60 day period showing good cause to have existed within said 60 days why the transcript and statement of facts could not be so filed the court may grant an extension of the time in which to file the record. Appellant did not file a transcript or statement of fact in the Court of Civil Appeals within 60 days from rendi-

tion of the judgment and she has never filed a motion for extension of time to file the record. By reason thereof, appellee has filed a motion to dismiss the appeal and to affirm the judgment on certificate.

Appellee admits execution of said agreement and that: (a) good cause existed for an extension of time to file the record; (b) that, if appellant had filed a motion for extension of time within the 75 day period permitted by Rule 386, said agreement would have constituted a sufficient showing of good cause and it would have been proper for the court to grant such motion and further, (c) that the record was timely filed, unless filing of a motion for extension of time within the 75 day period is jurisdictional and cannot be waived, even by said agreement of the parties. Appellee thus presents the question whether filing a motion within the 75 day period as provided by Rule 386 was prerequisite to jurisdiction of this court to extend the time for filing the record. We hold that it was.

In Red v. Bounds, 122 Tex. 614, 63 S. W.2d 544, the commission in an adopted opinion held that if the period of time for filing the transcript was allowed to expire without a motion to extend the time being filed, the right of affirmance on certificate became absolute.

In Hunter v. Moore (Tex.Com.App.), 122 Tex. 583, 62 S.W.2d 97, 100, the court said:

"Since in this case appellants' motion for extension of time was filed more than thirty days after the expiration of the period allowed for filing the transcript, the Court of Civil Appeals was without authority to extend the time even though good cause existed for failing to file within the time required by law."

In Magnolia Petroleum Co. v. Klingeman, (Writ. ref.), Tex.Civ.App., 242 S.W. 2d 950, 952, the court said:

"Nor do we have jurisdiction to permit the filing of a transcript which has not been tendered to this Court within the

time prescribed by Rule 386, T.R.C.P., no extension of time having been procured in the manner provided for therein."

In Bowman v. Traders & General Ins. Co., 219 S.W.2d 148, 150, (WR), it was held that where appellant did not file a motion for extension of time within the time prescribed by Rule 386, the Court of Civil Appeals could not permit the record to be filed.

In Walker v. Cleere, Tex.Civ.App., 171 S.W.2d 151, we, in effect, made the same holding and it was approved by our Supreme Court in 174 S.W.2d 956.

In Tydlacka v. Tydlacka, Tex.Civ.App., 277 S.W.2d 159, the San Antonio Court said:

"It is well settled law in this State that the filing of the record within the time prescribed by Rule 386, or the filing of a motion for an enlargement of such time within the time allowed, is mandatory and jurisdictional, and where there is a failure to comply with these provisions, jurisdiction of the Court of Civil Appeals is defeated."

In Consolidated Casualty Insurance Company v. Wade, Tex.Civ.App., 373 S.W.2d 841 (Writ dism.), the Corpus Christi court said:

"The Texas cases are numerous and uniform in holding that agreement, waiver or stipulation of counsel to extend the sixty-day period to file the transcript and statement of facts, standing alone, cannot be considered as a substitute for" compliance with Rule 386.

Jurisdiction cannot be conferred by agreement. Timely filing of the record, or a motion for extension of time, is a jurisdictional prerequisite which cannot be waived. Newsfoto Publishing Company v. Ezzell, 320 S.W.2d 711 (Tex.Civ.App., Austin 1959, writ ref.) and Armstrong v. West Texas Rig Company, 339 S.W.2d 69 (Tex.Civ.App., El Paso 1960, writ ref. n. r. e.).

Timely filing a motion for extension of time to file the record was prerequisite to our jurisdiction to permit the record to be filed out of time and such requirement cannot be waived. The agreement mentioned did not have the effect of a waiver.

Appellee's motion is granted. The judgment is affirmed on certificate.