Homer DAMRON et ux., Appellants,

v.

FIREMAN'S FUND INSURANCE COMPANY, Appellee.

No. 7771.

Court of Civil Appeals of Texas.

Amarillo.

June 17, 1968.

Rehearing Denied July 29, 1968.

Jerry Hollingsworth, Amarillo, for appellants.

Gibson, Ochsner, Harlan, Kinney & Morris, J. Hadley Edgar, Jr., Amarillo, of counsel, for appellee.

DENTON, Chief Justice.

Homer Damron and wife sued Fireman's Fund Insurance Company to recover upon a loss by theft under an insurance policy. The trial court instructed a verdict for the defendant below and the plaintiffs have perfected this appeal.

Appellants were the owners of a jewelry store in downtown Amarillo. In the Fall of 1964 they rented a new building in a suburban shopping center with the plan of moving the downtown merchandise into the new building at a future date. The new store was opened in early December 1964, largely with merchandise moved from the downtown store. On December 10, 1964 appellant obtained a proposal for a "Jeweler's Block Policy" from the Hayes-Beasley Insurance Agency to cover merchandise in the new store. On the same date Fireman's Fund Insurance Company, appellee, issued an insurance binder based upon the proposal. During the evening hours of December 30, 1964 the new store was burglarized and appellants allege some of their merchandise was stolen. Appellants' original suit was filed against appellee and the American Indemnity Company. The suit against the latter company was subsequently severed without objection, and that company is not a party to this suit. By amended pleadings, appellants alleged an alternative cause of action against the Hayes-Beasley Insurance Agency and a claims adjuster for Fireman's Fund. Prior to the trial of the suit this

cause of action was severed from the alleged cause of action against Fireman's Fund.

Appellants' first contention is the trial court erred in severing the cause of action against the Hayes-Beasley Agency and the claims representative of Fireman's Fund. This contention is without merit. Appellee's motion to sever was leveled against appellants' first amended petition which was filed without leave of the court three days before the case was set for trial. Appellee simultaneously filed a motion to strike the first amended petition. Both motions were granted by separate orders. Subsequently, the case was reset and appellants filed their second amended petition four days prior to the trial date without leave of the trial court. Appellee's motion to strike this pleading was also granted. Both the first and second amended petitions, not having been timely filed and having been struck by the trial court, are not to be considered by this court. Medina v. Sherrod (Tex.Civ.App.) 391 S.W.2d 66. Burkitt v. Broyles (Tex.Civ.App.) 340 S.W.2d 822 (Ref. N.R.E.). Rule 63, Texas Rules of Civil Procedure. Appellants' original petition, upon which the case was tried, alleged the cause of action only against Fireman's Fund upon the insurance policy and did not include the alleged alternative cause of action against the Hayes-Beasley Agency or the Fireman's Fund claims representative, which is the basis of the alleged error of granting the motion to sever. These latter parties were not before the trial court as defendants. An order of severance could have no force and effect. There can be no severance involving an alleged cause of action against parties not properly before the court.

Subsequently to the trial courts striking appellants' first amended petition and ordering a severance, and prior to the filing of the second amended petition, appellant filed a motion to reinstate its first amended petition and to consolidate the two alleged causes of action. The trial court's denial of this motion constitutes appellants' second point of error. The alleged cause of action against Fireman's Fund was one on the insurance contract, while the cause of action alleged against the insurance agency and claims representative was for negligence and misrepresentation. The Rules of Civil Procedure grant courts broad discretion in the matter of consolidating and severance of causes and the court's action in such matters will not be disturbed on appeal except for abuse of discretion. Rules 174 and 41, T.R.C.P. Womack v. Berry, 156 Tex. 44, 291 S.W.2d 677. Hamilton v. Hamilton, 154 Tex. 511, 280 S.W.2d 588. Assuming arguendo, that appellants' amended petition was properly before the court, we think the trial court did not abuse its discretion in refusing to consolidate the two cases; one in contract and the other in tort. Lloyds Alliance v. Cook, Tex.Civ.App., 290 S.W.2d 716.

Appellants' last point of error is directed to the action of the trial court in granting appellee's motion for instructed verdict. In reviewing this point, the evidence must be viewed in the light most favorable to the appellants and the court will indulge against the instruction every inference that may be properly drawn from the evidence. Triangle Motors of Dallas v. Richmond, 152 Tex. 354, 258 S.W.2d 60. Dunagan v. Bushey, 152 Tex. 630, 263 S.W.2d 148. The case was tried, and properly so for the reasons stated above, on appellants' original petition; that is, upon the alleged cause of action against Fireman's Fund only for loss by theft under the "Jewelers Block Policy" binder.

Paragraph 17 of the proposal is designated "safes and vaults" and in paragraph 17(a) a Mosler safe was to be provided by the appellants. Paragraph 17(d) of the proposal provided that 75% "of the value of the property on the premises kept in each safe or vault at all times when premises are closed". The last paragraph of the proposal, just above Damron's signature, read: "signing this form does not bind the

Proposer to complete the insurance, but this proposal shall constitute a warranty should a policy be issued". Paragraph 8 of the "Jewelers Block Policy" referred to in the binder read:

"It is a *condition* of this insurance that:

"(A) The Insured will maintain a detailed and itemized inventory of his or their property and separate listing of all travelers' stocks, in such manner that the exact amount of loss can be accurately determined therefrom by the Company.

"(B) The Insured will maintain during the life of this policy, insofar as is within his or their control, watchmen and the protective devices as described in his or their proposal form or in endorsements attached hereto."

It is undisputed the appellants had no safe of any kind on the premises at the time of the theft. It is admitted the theft occurred at night after the business was closed for the day. None of the property alleged to have been stolen was being kept in any protective device. It is also undisputed appellants maintained no itemized inventory of their property prior to the time of the burglary. Appellants' attempt to satisfy the inventory requirements after the theft fell far short of the proposal's requirements. Some of the merchandise located in the suburban store had been shipped originally to the downtown store months prior to the loss and an undetermined portion of it had been transferred to the new location. The tabulation of invoices and the subtraction of sales slips from both stores was indeed an unsatisfactory method to accurately determine appellants' loss.

The identical provisions of a "Jewelers Block Policy" were recently construed in Great American Insurance Company v. Lang (Tex.Civ.App.) 416 S.W.2d 541 (Ref. N.R.E.). The holding in that case is controlling here. The facts in the present case are much stronger than those in the *Lang* case. In that case the insured did maintain a safe as called for in the proposal, but the question was whether the required 65% of the merchandise was in the safe at the time of the theft. The court held this was a promissory warranty and condition; that the undisputed evidence showed this requirement had not been met and that this was a breach of the insurance contract. In accordance with the holding of the *Lang* case, we hold the provision regarding the safe and itemized inventory were promissory warranties as well as conditions. There being no dispute in material facts, we conclude the appellants, having breached the warranties and conditions, are not entitled to recover as a matter of law.

The judgment of the trial court is affirmed.