**Florence A. WINFREE et al., Appellants,**

v.

**Atha WINFREE et vir, Appellees.**

No. 493.

Court of Civil Appeals of Texas.

Corpus Christi.

March 13, 1969.

Oscar Spitz, Corpus Christi, for appellants.

Keys, Russell, Watson & Seaman, M. W. Meredith, Jr., Corpus Christi, for appellees.

## OPINION

GREEN, Chief Justice.

This is an appeal from an order *overruling* a motion for summary judgment and a separate order overruling a motion to sever. A brief has been filed by appellants complaining only of the order refusing a severance.

Appellees have filed a motion to dismiss the appeal for lack of jurisdiction of this Court on the ground that the order refusing to sever is an interlocutory non-appealable order, and there is no statute or rule providing for an appeal therefrom. We sustain this motion. Texas State Board of Examiners in Optometry v. Carp, 162 Tex. 1, 343 S.W.2d 242; North East Independent School District v. Aldridge, Tex.Sup.Ct., 400 S.W.2d 893.

The order overruling the motion for summary judgment is also non-appealable. Wright v. Wright, 154 Tex. 138, 274 S.W.2d 670. A different rule would apply had both parties filed motions for summary judgment and one motion been granted and the other overruled. In that event since the judgment granting the summary judgment disposes of the case and hence is appealable, on appeal from the order sustaining appellee's motion, the appellate court has jurisdiction to determine all questions properly presented including that part of the judgment overruling the motion for summary judgment. Tobin v. Garcia, 159 Tex. 58, 316 S.W.2d 396; Ackermann v. Vorden-

baum, Tex.Sup.Ct., 403 S.W.2d 362, 365, 15 A.L.R.3d 893; West Texas Equipment Company v. Walker, Tex.Civ.App., 417 S.W.2d 864, 866, wr. ref. n. r. e.

 Appellant, in a Motion to Strike Appellees' Motion to Dismiss, invokes Rule 405, and says that appellees' motion, which was not filed within 30 days after the transcript was filed in this Court, was not timely filed and should not be considered. We overrule this Motion to Strike. Walker v. Cleere, 141 Tex. 550, 174 S.W.2d 956.

Rules 404 and 405, Texas Rules of Civil Procedure, read as follows:

"Rule 404. Motions Relating to Informalities in Record

All motions relating to informalities in the manner of bringing a case into court shall be filed and entered by the clerk on the motion docket within thirty days after the filing of the transcript in the Court of Civil Appeals, otherwise the objection shall be considered as waived, if it can be waived by the party.

Rule 405. Motions to Dismiss for Want of Jurisdiction

Motions to dismiss for want of jurisdiction to try the case and for such defects as defeat the jurisdiction in the particular case and cannot be waived shall also be made, filed and docketed at said time; provided, however, if made afterwards they may be entertained by the court upon such terms as the court may deem just and proper."

In order for this Court to accept this appeal and consider it on the merits, the Court would of necessity have to have jurisdiction of the appeal. We have no such jurisdiction. Lack of jurisdiction can not be defeated even by waiver of the parties (Consolidated Casualty Insurance Company v. Wade, Tex.Civ.App., 373 S.W.2d 841, wr. dis.; Buckalew v. Fancher,

Tex.Civ.App., 427 S.W.2d 351) and shall be considered as fundamental by the appellate court with or without motion or assignment of error. Wagner v. Warnasch, 156 Tex. 334, 295 S.W.2d 890, 893 syl. (4); State v. Sunland Supply Co., Tex.Sup.Ct., 404 S.W.2d 316, 319 syl. (5). Even had appellee failed to file a motion to dismiss, such failure could not and would not give this Court jurisdiction. Coastal States Crude Gathering Company v. Strauch, Tex.Civ.App., 410 S.W.2d 945.

Appeal dismissed.