**Rolando VALDEZ, Appellant,**

v.

**A. T. GILL, Appellee.**

**No. 15461.**

Court of Civil Appeals of Texas, San Antonio.

April 28, 1976.

Rehearing Denied June 9, 1976.

C. G. House, William N. Gremillion, Jr., House, Mercer, House, Brock & Wilson, San Antonio, for appellant.

Clark, Thornton & Summers, Robert B. Thornton, Robert R. Biechlin, Jr., San Antonio, for appellee.

KLINGEMAN, Justice.

This appeal arises out of a suit by A. T. Gill against Bagby Land & Cattle, Inc. and Rolando Valdez for damages and personal injuries allegedly suffered by Gill in an accident between an automobile driven by Gill, and a truck driven by Valdez and operated by Bagby Land & Cattle, Inc. Valdez filed a cross-action against Gill for alleged personal injuries suffered by him in the accident. Prior to trial, Gill filed his second amended original petition in which Valdez was omitted as a party-defendant. This was the live pleading on which Gill went to trial. The original trial was to a jury, and judgment was entered on the jury verdict on June 21, 1974, that Gill take nothing against Bagby Land & Cattle, Inc., and that Valdez take nothing against Gill.

Gill timely filed a motion for new trial, but Valdez filed no motion for new trial, gave no notice of appeal, and did nothing further to perfect an appeal. Thereafter, on August 14, 1974, Gill filed a motion to sever and, in the alternative, to reform alleging that although he had given notice of appeal and filed a motion for new trial, Valdez had done neither, and should Gill prevail on his motion for a new trial it would be unnecessary and unjust to allow a new trial in reference to Valdez' cause of action, and asking the Court to sever the cause of action filed by Gill against Bagby from the cross-action filed by Valdez against Gill. In the alternative, Gill alleged that if the Court should decide that Gill is entitled to a new trial, the Court should reform its judgment to an interlocutory judgment against Valdez and grant a new trial on the issues that pertain to the cause of action filed by Gill against Bagby Land & Cattle, Inc.

On August 23, 1974, the trial court granted Gill's motion for severance of Valdez'

counterclaim, and the judgment in favor of Gill on such counterclaim was made interlocutory pending the final determination of the suit by Gill against Bagby Land & Cattle, Inc. Gill's motion for a new trial was granted.

On March 17, 1975, after a jury had been selected and sworn in, attorneys for Gill and Bagby Land & Cattle, Inc. announced that the controversy had been compromised and settled. Judgment was entered that Gill take nothing against Bagby Land & Cattle, Inc., and the interlocutory judgment theretofore entered on August 23, 1974, against Valdez, was made final. Valdez excepted and gave notice of appeal, but filed no motion for new trial.

On this appeal Valdez complains that the trial court erred in sustaining and in not overruling Gill's motion to sever or, in the alternative, to reform because (1) the litigation filed by Valdez was by nature a compulsory counterclaim, which is not a separate cause of action and is therefore not severable; (2) in ordering an interlocutory judgment be entered as to Valdez' counterclaim because, by its inseverable nature, neither an interlocutory nor a final judgment could have been taken as to it until an interlocutory or final judgment was taken as to the original cause of action of which it was a part.

Appellee, Gill, has filed both a motion to dismiss for want of jurisdiction and a reply to appellant's brief, in which, to some extent, similar contentions are made.

We will first consider Gill's motion to dismiss, in which he asserts that this Court has no jurisdiction because no motion for new trial was ever filed by Valdez. Valdez' answer to the motion to dismiss is twofold: (1) that the motion to dismiss for want of jurisdiction was not filed within 30 days after the filing of the transcript in the Court of Civil Appeals as required under our Rules of Civil Procedure, Rules 404–405; (2) this appeal is from a non-jury case, and he was not required to file a motion for new trial.

Gill concedes that his motion to dismiss was not filed within 30 days after the filing of the transcript, but asserts that such motion should be considered by us for two reasons: (a) under the provisions of Rule 405, the Court of Civil Appeals may consider a late filed motion, upon such terms as the Court may deem just and proper; (b) compliance with a jurisdictional requirement is not waived by failure to file within 30 days.

■ It appears clear that if this Court is without jurisdiction, the failure to file a motion to dismiss within 30 days after the filing of the record is not fatal. *Walker v. Cleere,* 141 Tex. 550, 174 S.W.2d 956, 958 (1943). The Supreme Court, in considering Rule 405, held that compliance with a jurisdictional requirement was not waived by the failure to file a motion to dismiss or strike the record within 30 days after the filing thereof. There are many other Texas cases so holding. In *Winfree v. Winfree,* 438 S.W.2d 937 (Tex.Civ.App.—Corpus Christi 1969, no writ), the court considered the contention that a motion to dismiss, which was not filed within 30 days after the transcript was filed in the Court of Civil Appeals, was not timely filed and should not be considered. The court stated:

In order for this Court to accept this appeal and consider it on the merits, the Court would of necessity have to have jurisdiction of the appeal. We have no such jurisdiction. Lack of jurisdiction can not be defeated even by waiver of the parties (*Consolidated Casualty Insurance Company v. Wade,* Tex.Civ.App., 373 S.W.2d 841, wr. dis.; *Buckalew v. Fancher,* Tex.Civ.App., 427 S.W.2d 351) and shall be considered as fundamental by the appellate court with or without motion or assignment of error. *Wagner v. Warnasch,* 156 Tex. 334, 295 S.W.2d 890, 893 syl. (4); *State v. Sunland Supply Co.,* Tex.Sup.Ct., 404 S.W.2d 316, 319 syl. (5). Even had appellee failed to file a motion to dismiss, such failure could not and would not give this Court jurisdiction.

Despite the fact that appellee's motion to dismiss was not filed within 30 days after the filing of the transcript, we will consider such motion.

A more difficult question is involved in connection with Gill's contention that his motion to dismiss should be granted because Valdez failed to file a motion for a new trial as required by Rule 324, Tex.R.Civ.P.

■ A crucial question here involved is whether Valdez, having done nothing to perfect an appeal after a take nothing judgment has been entered against him in a jury trial based on adverse jury answers to special issues, is now entitled to be heard on his claim against Gill because a new trial was granted to Gill on his claim or cause of action against Bagby Land & Cattle, Inc. Stated differently, did the granting of a partial new trial as to Gill's suit against Bagby Land & Cattle, Inc., the only defendant in such suit, operate to vacate the entire judgment, including the take nothing judgment against Valdez on his cross-claim against Gill, and the jury answers to all special issues?

Valdez asserts on appeal that his cross-action or cross-claim against Gill is by nature a compulsory counterclaim, and is therefore not severable. Gill asserts that even if you assume that Valdez' cross-claim was compulsory in nature when filed, it lost its character as such when Gill dismissed Valdez as a defendant to the suit by filing his second amended original petition in which Bagby Land & Cattle, Inc. is the only defendant.

■ Under the provisions of Rule 65, Tex.R.Civ.P., with some exceptions not here applicable, an amended pleading takes the place of and completely supersedes the pleading which is amended. As a general rule, the filing of an amended petition omitting an individual as a party-defendant has the effect of dismissing such party the same as if an order had been entered. *Ridley v. McCallum,* 139 Tex. 540, 163 S.W.2d 833 (1942); *Hatley v. Schmidt,* 471 S.W.2d 440 (Tex.Civ.App.—San Antonio 1971, writ ref'd n. r. e.); *King v. Air Express International Agency, Inc.,* 413 S.W.2d 838 (Tex. Civ.App.—Houston 1967, no writ); *Brennan v. Greene,* 154 S.W.2d 523 (Tex.Civ.App.— San Antonio 1941, writ ref'd). A dismissal is not an adjudication of the rights of the parties and merely places the parties in the position in which they were in before the court's jurisdiction was invoked, just as if the suit had not been brought. *Crofts v. Court of Civil Appeals,* 362 S.W.2d 101 (Tex.1962). Such a dismissal, however, could not defeat Valdez' right to recover on his counterclaim theretofore filed. *Cross v. B & B Growers and Packers, Inc.,* 364 S.W.2d 450 (Tex.Civ.App.—San Antonio 1963, no writ).

There are cases and authorities indicating that the compulsory counterclaim rule is not applicable to the situation in which the cross-plaintiff, the party asserting the cross-claim, is no longer a defendant. In *Robertson v. Melton's Estate,* 306 S.W.2d 811 (Tex.Civ.App.—Beaumont 1957, writ ref'd), the court said:

We think the case of *Heights Funeral Home v. McClain,* Tex.Civ.App., 288 S.W.2d 839, 843, decided by this court, is conclusive of the question. Rule 97(a) was there construed in this manner:

"The rule just quoted contemplates situations where the primary parties—the cross-plaintiff and at least one cross-defendant—are already before the court as parties to the action. It does not contemplate a situation where no cross-defendant is a party to the action and one can be brought in only with leave of the court and for such purposes only as the court may permit. The latter situation is governed by Rule 38(a), supra."

In *Astro Sign Company v. Sullivan,* 518 S.W.2d 420 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n. r. e.), the trial court stated:

The trial court held in conclusion # 8 that the claim in Astro's suit was a compulsory counterclaim to that in Sullivan's suit even if Sullivan's cause named only Joe Norman as a defendant. Appellant says that is wrong in its point 25. Rule 97(a), supra, requires that the claim be against an opposing party in a pending action. 2 McDonald, Texas Civil Practice § 7.49 (1970). If, as the trial court surmised, Joe Norman was the only party defendant in Sullivan's suit, appellant is

not a party to that action. Appellant's point 25 is sustained.

See also 2 McDonald, Texas Civil Practice § 7.47 n. 20.

■ Moreover, the Rules of Civil Procedure grant trial courts broad discretion in the matter of consolidation and severance of causes, and the trial court's action in such matters will not be disturbed on appeal except for abuse of discretion. Rule 174, Tex.R.Civ.P.;[1] *McGuire v. Commercial Union Insurance Company of New York,* 431 S.W.2d 347 (Tex.1968); *Womack v. Berry,* 156 Tex. 44, 291 S.W.2d 677, 682 (1956); *Hamilton v. Hamilton,* 154 Tex. 511, 280 S.W.2d 588 (1955); *Damron v. Fireman's Fund Insurance Company,* 430 S.W.2d 956 (Tex.Civ.App.—Amarillo 1968, no writ).

In *Youngblood v. Central Soya Company, Inc.,* 522 S.W.2d 277, 280 (Tex.Civ.App.—Ft. Worth 1975, writ ref'd n. r. e.), the trial court entered an order severing from plaintiff's suit on an open account the plaintiff's suit on a note and defendant's cross-action, and then rendered a summary judgment for plaintiff against defendant on the open account. The Court of Civil Appeals affirmed the judgment of the trial court, stating:

> Defendant's second point of error is that the court erred in granting the summary judgment on the open account at a time when defendant had on file in the case a cross-action on matters that arose from the same transaction and which were an offset and counterclaim to the open account suit.
>
> .    .    .    .    .
>
> We overrule the point and defendant's arguments in support of it.
>
> .    .    .    .    .
>
> Trial courts are vested with large discretion as to whether or not to sever and have separate trials of causes of action. See Rule 41, T.R.C.P., and *Pure Oil Com-*

*pany v. Fowler,* [Tex.Civ.App., 302 S.W.2d 461], supra.

We have concluded that after Valdez had been dismissed as a party-defendant, Valdez' cross-claim against Gill was properly severable.

The next question to be answered is whether this is an appeal from a judgment based on a jury trial, as urged by Gill, or from a non-jury trial as urged by Valdez.

Rule 324, Tex.R.Civ.P., provides in part as follows:

> [A] motion for new trial shall be filed as a prerequisite to appeal; provided that neither a motion for new trial nor an assignment therein shall be a prerequisite to the right to complain on appeal of the action of the court in giving a peremptory instruction, or in withdrawing the case from the jury and rendering judgment, or in rendering or refusing to render judgment non obstante veredicto or notwithstanding the finding of the jury on one or more special issues, or in overruling a motion for judgment on the verdict made by the party who becomes appellant; nor shall a motion for new trial be required in a non-jury case or in a case where the appeal is based upon some error of the trial court arising after its action upon the motion for new trial.

■ A motion for new trial is a jurisdictional prerequisite to appeal from a case tried to a jury, with certain exceptions. *St. Louis Southwestern Railway Company v. Duke,* 424 S.W.2d 896 (Tex.1967); *Wagner v. Foster,* 161 Tex. 333, 341 S.W.2d 887 (1960). No contention is here made by Valdez that any of the exceptions set forth in Rule 324 are applicable, except that Valdez contends that this is not an appeal from a jury trial, but rather from a non-jury trial.

It is to be remembered that at the time of the original trial which was to a jury, the only parties before the court were Gill, as plaintiff in his claim or cause of action against defendant, Bagby Land & Cattle,

---

1. Rule 174(b) Separate Trials. The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues.

Inc., and Valdez, as cross-plaintiff in his claim against Gill. Based on the jury's answers to special issues, judgment was entered on the jury verdict that Gill take nothing on his claim against Bagby Land & Cattle, Inc. and that Valdez take nothing on his claim against Gill. The judgment effectively disposed of all parties and issues before the court. Gill saw fit to appeal, and timely filed a motion for new trial as to his claim against Bagby Land & Cattle, Inc., which motion was ultimately granted on what we presume to be sufficient grounds. Valdez did not give notice of appeal or ever file a motion for new trial. His case is predicated upon his contention that the granting of a new trial to Gill on his claim against Bagby Land & Cattle, Inc. had the effect of vacating the entire judgment and the jury answers to all special issues, including the take nothing judgment rendered against Valdez on his claim against Gill.

■ Although Valdez contends that this is an appeal from a non-jury case, basically what he seeks to do is to set aside a take nothing judgment entered against him on his claim against Gill after a jury trial based upon adverse jury answers.

Gill asserts that Valdez' counterclaim was clearly severable and that a partial new trial is authorized as to severable portions of the case; the new trial that was here ordered as to his claim against Bagby Land & Cattle, Inc. vacated only so much of the original judgment and jury findings as were based on Gill's cause of action against Bagby; the judgment and jury finding as to Valdez' claim against Gill and the judgment here being appealed from is still based on a jury trial insofar as Valdez' claim is concerned; a motion for new trial was clearly required to preserve Valdez' appeal; and that his failure to file such a motion is jurisdictional.

Gill further asserts that where a cause of action is properly severable, the more enlightened view is that a motion for new trial can be granted as to a portion of the case without necessitating a new trial of the entire case. 4 McDonald, Texas Civil Practice § 18.21.

In *Hamilton v. Hamilton,* supra, two separate actions involving wills of W. B. Hamilton were filed in the trial court, but were consolidated and tried as one cause. Based on jury findings on special issues, the trial court entered judgment on the verdict for Norman Hamilton. After petitioner, Cleo Hamilton, filed a motion for new trial; the trial court reformed its judgment granting petitioner a new trial in the will contest case, and rendered judgment n. o. v. in favor of petitioner in the contract case. The judgment was reversed in the Court of Civil Appeals. In the Supreme Court, the petitioner, Cleo Hamilton, asserted, among other things, that insomuch as a new trial had to be granted in the will contest case, the findings of the jury, which were adverse to petitioner in the contract case, should not be allowed to stand, and that a new trial ought to have been granted in both. The Supreme Court held such contention to be without merit, and stated that the trial court did not abuse its discretion when, having determined that a new trial was necessary in the will case and that no error had been committed so far as the contract case was concerned, deemed it proper to grant a new trial only in the will contest case and severed the remaining causes of action.

■ In a case involving two or more separate and distinct causes of action, a final judgment may be rendered as to one or more of such causes, and a new trial ordered as to the others. *Boone v. Hulsey,* 71 Tex. 176, 9 S.W. 531 (1887); *Associated Growers v. Smith,* 244 S.W.2d 348 (Tex.Civ. App.—San Antonio 1951, no writ); *Alexander v. Meredith,* 154 S.W.2d 920 (Tex.Civ. App.—Texarkana 1939, no writ).

In *Finder v. E. L. Cheeney Company,* 368 S.W.2d 62 (Tex.Civ.App.—Beaumont 1963, no writ), appellant complained that the trial court erred in severing the original cause of action from the cross-action of appellee. Appellee had filed in the trial court a motion for severance, and for judgment on its cross-action, and subject thereto, a motion

to enter judgment in favor of appellee notwithstanding the verdict. The trial court overruled appellee's motion for judgment n. o. v., but granted appellee's motion for severance. Appellant gave notice of appeal from the order granting appellee's motion for severance, but filed no motion for a new trial. Appellant's complaint on appeal was that the trial court erred in severing the original action from the cross-action of appellee. Appellee on appeal filed a motion to dismiss urging that the court lacked jurisdiction because of appellant's failure to file a motion for new trial. The appellate court stated "[a]ppellant's point not having support in a motion for new trial and not based upon any of the exceptions listed above, cannot be considered."

See also *McGuire v. Commercial Union Insurance Company of New York*, supra; Pope and Sheehan, *"Try, Try, Again . ."* *A Proposal to Limit the Scope of New Trials in Texas*, 7 St. Mary's L.J. 1, (1975).

We have concluded that Gill's motion to dismiss the appeal is meritorious and should be granted. The appeal is dismissed.