**Ex parte Richard BYRAM, Relator.**

**No. 2–83–181–CV.**

Court of Appeals of Texas, Fort Worth.

Dec. 1, 1983.

West Tex. Legal Services and Mark S. Cochran, Fort Worth, for relator.

John McLain, Fort Worth, for respondent.

Before JORDAN, BURDOCK and HILL, JJ.

## OPINION

HILL, Justice.

This is an application for writ of habeas corpus. Relator was incarcerated on October 3, 1983, by virtue of a bench warrant signed by the trial judge on August 12, 1983. The warrant was issued upon the relator's failure to appear on August 12, 1983, for hearing on motion for contempt. On October 18, 1983, relator applied to this court for writ of habeas corpus and was released upon bail pending this court's determination.

The application for writ of habeas corpus is denied.

The appropriate procedure to follow when an alleged contemnor fails to appear at hearing upon a motion for contempt is to issue a bench warrant, capias, or writ of attachment in order to compel his attendance. *Ex parte Johnson*, 654 S.W.2d

415, 422 (Tex.1983); *Ex parte Lowe,* 94 Tex.Cr.R. 307, 251 S.W. 506, 507 (1923). In his first point, the relator asserts that his commitment without a written contempt judgment and commitment order violates his due process rights. The bench warrant issued by the court is in writing. There is no contempt judgment because the relator is being held pending a hearing on contempt, subject to bail, and, therefore, has not been held in contempt. The cases of *Ex parte Barnett,* 600 S.W.2d 252 (Tex.1980) and *Ex parte Perry,* 600 S.W.2d 357 (Tex. Civ.App.—Corpus Christi 1980, no writ), cited by the relator, both involve individuals who have been incarcerated upon a finding of contempt without a written contempt judgment and commitment and are, therefore, not applicable to the facts here. Relator's first point is overruled.

The relator asserts as his second point that when a May, 1983 (the date set forth in the original show cause order served upon him) hearing was continued, the show cause order either lapsed or its continued existence was ambiguous so that the issuance of the bench warrant for his arrest upon his failure to appear at the August 12, 1983 hearing was violative of his due process rights. Relator appeared pro se at the May hearing and was notified of the August 12, 1983 hearing. His attorney was present at the hearing. The relator cites no authority which supports his position that the movant in the court below was required to go to the trouble and expense of serving him with another show cause order when he had received adequate notice of the August 12th hearing after responding to the initial show cause order. The case of *Rosser v. Rosser,* 620 S.W.2d 802 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ dism'd) cited by the relator, concerns contempt proceedings held after a divorce case had been dismissed for want of prosecution and is not relevant to the case at bar. Relator's second point is overruled.

In his third point, the relator argues that he was not given notice of the specific acts which he committed in violation of the trial court's order. We believe that the relator is correct in stating that the bench warrant is technically deficient in failing to state the basis of its issuance. *See* TEX.CODE CRIM.PROC.ANN. art. 23.-02 (Vernon 1966). The record, however, clearly reflects that the warrant was issued to compel the respondent's appearance for a hearing upon the motion for contempt, and that it was issued because the respondent failed to appear at his contempt hearing of August 12, 1983. The record further reflects that the respondent's attorney was present when the trial court ordered the warrant to be issued because of the respondent's failure to appear. The record reflects that the respondent had received proper notice of the motion for contempt and the amended motion for contempt. He, therefore, knew what the contempt charges were, he knew that he failed to attend the contempt hearing, and he knew that the bench warrant was issued upon his failure to attend in order to compel his attendance for hearing upon the motion for contempt. We, therefore, hold that the failure of the bench warrant itself to state the reason for its issuance, if error, is harmless error and under these facts does not constitute a denial of due process. The relator cites *Ex parte Johnson, supra,* as authority for the proposition that the appropriate remedy for his failure to appear would have been for a motion for contempt to have been filed and a hearing held with respect to the alleged contemnor's failure to appear. The court in *Ex parte Johnson, supra,* indicates that such a remedy is available, but rather than requiring such a procedure as the only available remedy, the court in *Johnson* makes clear that the trial court can issue a capias or attachment for the alleged contemnor's arrest in order to compel his attendance. The authorities cited by the relator, *Ex parte Stanford,* 557 S.W.2d 346 (Tex.Civ. App.—Houston [1st Dist.] 1977, no writ) and *Ex parte Deckert,* 559 S.W.2d 847 (Tex. Civ.App.—Houston [1st Dist.] 1977, no writ), are both concerned with the requirements of due process as it relates to notice of contempt charges before one can be held in contempt. The relator has not been held in contempt, and the relator knows that he is in jail by virtue of a bench warrant

issued because of his failure to appear at a hearing on contempt. These cases are, therefore, not applicable to the case at bar. Relator's third point is overruled.

In the fourth point of his brief, relator acknowledges the right of the trial court to issue process for his arrest to compel his attendance at the contempt hearing, but alleges that the amendment of the motion for contempt effectively dismissed the motion for contempt which was the basis of the bench warrant. The case of *Valdez v. Gill,* 537 S.W.2d 477 (Tex.Civ.App.—San Antonio 1976, writ ref'd n.r.e.) is cited by the relator in support of his contention. The court in *Valdez* merely stated the proposition that an amended petition which omits a party defendant effectively dismisses the omitted party just as if an order had been entered. In the case at bar, the amendment, rather than omitting the allegation in the original motion for contempt, made these allegations more specific. *Valdez, supra,* therefore, is not applicable to the facts here. The relator again cites the case of *Rosser v. Rosser, supra,* which we have previously shown not to be applicable to the case at bar in that it involved an actual dismissal of the cause in question rather than an amendment of pleadings. The relator cites no authority for the proposition that an amendment in a case such as the one before us voids all pending process before the court at the time of the amendment. We hold that it does not. Relator's fourth point is overruled.

The relator's final argument presents two points which relate to defects in the procedure in the event that the relator is being held due to his failure to respond to the subpoena issued for his attendance at the August 12th contempt hearing. There is no indication in the record that the relator was being attached as a result of failure to respond to subpoena. Instead, the record reflects that the bench warrant was issued upon his failure to appear at the contempt hearing. These points are, therefore, not applicable to this cause and they are overruled.

Contempt proceedings are quasi-criminal proceedings which should conform as nearly as practicable to proceedings in criminal cases. If an individual is cited for contempt and he fails to appear at the appointed time and place, he is to be arrested and brought into court, since he may not be tried in absentia. *Ex parte Johnson, supra,* at 422. In criminal cases, a capias would issue for the defendant who would remain in jail pending his trial or pending his posting bond or being released on his own recognizance. We hold that the procedure is the same in contempt cases in our civil courts. The only alternative would be to release the alleged contemnor without bond or other security in the event that the contempt could not be immediately heard. Since in most cases it would not be practical to proceed to trial immediately upon the arrest of the respondent, the practical result in most cases would be that there would be no way to compel attendance of any respondent for contempt. It, therefore, reasonably follows that the trial court acted properly in issuing a warrant for the relator upon his failure to appear and in requiring bond as a condition for his release pending the contempt proceedings.

We, therefore, hold that the application for writ of habeas corpus is denied, and the relator is remanded to the custody of the Sheriff of Tarrant County to be held subject to bail or personal recognizance as set by the trial court pending hearing on the amended motion for contempt.