

# THE ATTORNEY GENERAL
## OF TEXAS

November 8, 1988

JIM MATTOX
ATTORNEY GENERAL

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas    77002

Opinion No.  JM-977

Re:  Appointment of counsel for
indigent defendants under arti-
cle  1.051(c),  Texas  Code  of
Criminal Procedure, and related
questions  (RQ-1379)

Dear Mr. Driscoll:

You state that the questions you ask have been prompted
by inquiries from  justices of the  peace in Harris  County.
You note  that the  primary  focus of  your concern  is  the
appointment of counsel for  defendants charged with class  C
misdemeanors.  <u>Consequently, our treatment of your questions
will be limited to cases in the justice court</u>.  You ask:

   1.   In what cases should the court appoint
   counsel to represent indigent defendants?

   2.   Whether  appointment  of  counsel  for
   indigent defendants is  appropriate in  peace
   bond hearings?

   3.   Whether a defendant, who is  committed
   to jail and  applies for  a deferred  payment
   plan to secure release from jail, is entitled
   to have an attorney appointed for him?

   4.   Whether there are circumstances  other
   than  indigence  that  would  require   court
   appointed counsel?

It appears that your  questions have resulted from  the
enactment of S.B.  1109 (now  article 1.051 of  the Code  of
Criminal Procedure)  by  Acts  1987,  70th  Leg.,  ch.  979,
section 1, at 3321, effective Sept. 1, 1987.  Article  1.051
of the  Code of  Criminal  Procedure provides  in  pertinent
part:

(a) A defendant in a criminal matter is entitled to be represented by counsel in an adversarial judicial proceeding. The right to be represented by counsel includes the right to consult in private with counsel sufficiently in advance of a proceeding to allow adequate preparation for the proceeding.

(b) For the purposes of this article and Articles 26.04 and 26.05 of this code, 'indigent' means a person who is not financially able to employ counsel.

(c) _An indigent defendant is entitled to have an attorney appointed to represent him in any adversary judicial proceeding that may result in punishment by confinement and in any other criminal proceeding if the court concludes that the interests of justice require representation._ If an indigent defendant is entitled to and requests appointed counsel, the court shall appoint counsel to represent the defendant as soon as possible.

(d) An eligible indigent defendant is entitled to have the trial court appoint an attorney to represent him in the following appellate and postconviction habeas corpus matters:

(1) an appeal to a court of appeals;

(2) an appeal to the Court of Criminal Appeals if the appeal is made directly from the trial court or if a petition for discretionary review has been granted;

(3) a habeas corpus proceeding if the court concludes that the interests of justice require representation; and

(4) any other appellate proceeding if the court concludes that the interests of justice require representation.  (Emphasis added.)

Underlying principles of law relative to your first and third questions have been addressed by numerous opinions of federal and state courts as well as opinions of this office.

In <u>Argersinger v. Hamlin</u>, 407 U.S. 25 (1972), the United States Supreme Court held that the right of an indigent defendant in a criminal trial to the assistance of counsel guaranteed by the Sixth Amendment and made applicable to the states by the Fourteenth Amendment in <u>Gideon v. Wainwright</u>, 372 U.S. 335 (1963), is not limited by the classification of the offense or by whether or not a jury trial is required. <u>The court concluded that an accused may not be deprived of his liberty as the result of any criminal prosecution, whether felony or misdemeanor, in which he was denied the assistance of counsel</u>. In <u>Argersinger</u> the court noted that "<u>every judge will know when the trial starts that no imprisonment may be imposed" and "the run of misdemeanors will not be affected by today's ruling</u>." <u>Arsinger</u> 407 U.S. at 40. (Emphasis added.)

In Attorney General Opinion JM-312 (1985), it was concluded that neither constitutional case law nor the statutes require the appointment of an attorney to represent an indigent accused of a misdemeanor in justice court since the "justice court lacks jurisdiction to determine finally any criminal action in which the punishment prescribed by law may be a fine exceeding $200 or may involve imprisonment for any length of time." Attorney General Opinion JM-312, at 3 (1985).

The United States Supreme Court held that a defendant may not be imprisoned because he is too poor to pay his fine in <u>Tate v. Short</u>, 401 U.S. 395 (1971). Citing <u>Tate v. Short</u>, the Texas Court of Criminal Appeals concluded that a defendant was entitled to relief in a habeas corpus proceeding under these circumstances. <u>Ex parte Minjares</u>, 582 S.W.2d 105 (Tex. Crim. App. 1978). This raises the question of whether counsel should be appointed to represent an indigent defendant accused of a class C misdemeanor in justice court to avert the possibility that the defendant who is too poor to pay his fine be imprisoned in violation of <u>Tate v. Short</u>. Neither <u>Argersinger</u> nor state statute require that counsel be appointed in class C misdemeanors to insure that there will not be instances when authorities may illegally restrain a defendant who is unable to pay his fine. We believe that this is the very type of situation where the appropriate remedy is the writ of habeas corpus. <u>See</u> Code Crim. Proc. art. 11.01 <u>et seq.</u> In Attorney General Opinion JM-403 (1985), it was noted that article 26.05 of the Code of Criminal Procedure provides for payment of counsel appointed to represent indigent defendants in habeas corpus proceedings.

The Legislature in S.B. 1109 (now article 1.051 of the Code of Criminal Procedure) provided an additional basis for appointment of counsel for an indigent defendant in a criminal case.  Acts 1987, 70th Leg., ch. 979, § 1, at 3321 (effective September 1, 1987.)  Section (c) of article 1.051 provides that an indigent defendant is entitled to have an attorney appointed in "<u>any other criminal proceeding if the court concludes that the interests of justice require representation</u>."  (Emphasis added.)  The legislature did not set any guidelines for a court to determine when counsel is to be appointed in "the interests of justice."  The legislature undoubtedly concluded that this is a matter that necessarily requires resolution on a case-by-case basis.  Since section (c) provides that this authority is given the court in "any other criminal proceeding" the justice court would appear to have discretion to appoint counsel for an indigent defendant in a class C misdemeanor case when the justice of the peace determines that the interest of justice requires such appointment.[1]

The matter of appointment of counsel for indigent defendants in civil cases was reviewed in Attorney General Opinion JM-403 (1985).  In Attorney General Opinion JM-403 it was stated:

> This right to have the state provide counsel extends to every case in which the litigant may be deprived of his personal liberty if he loses; the right does not depend merely upon labels of 'civil' or 'criminal.'  <u>Lassiter v. Department of Social Services</u>, 452 U.S. 18, 25 (1981); <u>In re</u>

---

1.  The bill analysis to S.B. 1108 focuses on provisions other than the instances in which counsel should be appointed.  The <u>purpose</u> of S.B. 1108 is stated, as follows:

> To provide a uniform state-wide system for determining indigency and for permitting waiver of counsel; permitting the Court to order indigent defendants to make partial payment of court-appointed attorney fees; removing the maximum limit the Court can order for the payment of doctors and other expert witnesses; and removing the minimum the court can pay appointed counsel.

Bill Analysis, Tex. S.B. 1108, 70th Leg. (1987).

> Gaule, 387 U.S. 1, 41 (1967); Ridgway v. Baker, 720 F.2d 1409, 1413 (5th Cir. 1983); see also Attorney General Opinion JM-176 (1984). The Fifth Circuit in Ridgway applied this rule to an accused father who was denied counsel and condemned to imprisonment for civil contempt in a nonsupport proceeding despite an uncontroverted assertion of indigency. See 720 F.2d at 1413.
>
> We considered the nature of 'civil' contempt proceedings at length in Attorney General Opinion JM-176 and concluded that '[w]hether classified as civil or criminal, contempt proceedings invariably invoke certain aspects of the criminal process.' The Texas Supreme Court has declared that 'a contempt proceeding is unlike a civil suit, has some of the incidents of a trial for crime, and is quasi-criminal in nature.' Ex parte Cardwell, 416 S.W.2d 382, 384 (Tex. 1967) (citing Ex parte Davis, 344 S.W.2d 153 (Tex. 1961)). Consequently, proceedings in contempt cases should conform as nearly as possible to those in criminal cases. Ex parte Byram, 662 S.W.2d 147 (Tex. App. - Fort Worth 1983, no writ); Deramus v. Thornton, 333 S.W.2d 824, 829 (Tex. 1960); Ex parte Stanford, 557 S.W.2d 346, 348 (Tex. Civ. App. - Houston [1st Dist.] 1987, no writ); see also Ex parte Wilson, 559 S.W.2d 698, 701 (Tex. Civ. App. - Austin 1977, no writ). Thus, state law as well as federal law recognizes that the mere labels of 'civil' or 'criminal' should not control due process considerations.

Attorney General Opinion JM-403, at 1-2 (1985).

In Attorney General Opinion JM-312 (1985), it was noted that then article 1917, V.T.C.S. (now section 24.016 of the Government Code), provides that a district judge may appoint counsel to represent any party who is too poor to employ counsel. Similarly then article 1958, V.T.C.S. (now section 26.049 of the Government Code), grants the same discretion to county judges. However, it was pointed out that there is no corollary statute that would enable justices of the peace to appoint counsel in civil cases. It was further noted that the provisions relative to district and county judges were adopted as part of the civil statutes and are not

mandatory. While there is no statute authorizing justices of the peace to appoint counsel in civil proceedings, federal constitutional laws as construed by the United States Supreme Court would nevertheless require appointment of counsel in a civil case pending in justice court when the litigant may be deprived of his personal liability if he loses. Perhaps the absence of a statutory proceeding stems from the Legislature not envisioning a civil proceeding in justice court which might result in the losing party being deprived of his personal liberty.

In your first question you ask in what cases the court should appoint counsel to represent indigent defendants. Since imprisonment is not a direct consequence of a class C misdemeanor conviction (fine not to exceed $200), counsel need not be appointed for an indigent defendant unless the court determines that the "interests of justice" require such appointment.

Your third question is prompted by the following scenario:

> The third question presented deals with the special arrangement where the defendant is permitted to pay his assessed fines by way of a deferred payment plan, instead of being confined for default in paying said fines.

You call attention to article 42.15 of the Code of Criminal Procedure providing for the deferral of a fine assessed upon conviction of a class C misdemeanor. See Attorney General Opinion JM-898 (1988). In your scenario you assume that such a deferral procedure may be the only alternative to confinement in jail for a defendant who is unable to pay his fine. Article 42.15 of the Code of Criminal Procedure provides for a form of probation available to defendants convicted of offenses with a maximum punishment of a fine not to exceed $200. Attorney General Opinion JM-526 (1986). At the end of the probationary or deferral period the justice of the peace may impose the fine if it is determined that the defendant has not complied with the requirements imposed under article 42.15. Since the penalty is a fine, Tate v. Short, prohibits the imprisonment of a defendant who is too poor to pay his fine. Further, our conclusion to your first question that the justice court is not required to appoint counsel to represent indigent defendants charged with class C misdemeanors unless the court determines "that the interests of justice require such representation" appears to be dispositive of this inquiry.

You next ask whether appointment of counsel for indigent defendants is appropriate in peace bond hearings. Article 7.03 of the Code of Criminal Procedure authorizes a magistrate to require a person to make a bond conditioned that he will keep the peace toward the person the magistrate has found the accused has threatened. If it appears to the magistrate from the evidence presented at the hearing that the accused has committed an offense, article 7.13 of the Code of Criminal Procedure provides that he shall be tried for the offense. A peace bond hearing is usually in the justice courts and is civil in nature because there is no direct criminal sanction for its violation since it is a procedure commonly employed prior to the commission of a criminal act. Reamey, Legal Remedial Alternatives for Spouse Abuse in Texas, 20 Houston L. Rev. 1279, at 1287 (1983).[2] In Attorney General Opinion O-6669 (1945), it was

---

2. The Reamey article addresses the widespread use of the peace bond procedure in spousal abuse cases.

> Peace bonds have often been issued in cases of family violence as an inexpensive and readily available deterrent. . . .
>
> As a practical matter, any remedy in the field of spousal abuse must be available quickly and inexpensively. Its availability must be widely known, and it must address the needs of the spouse requiring abuse protection. It is just this availability that has metamorphosed the peace bond into a common protective device for spousal assault.
>
> Because peace bonds are usually administered by justice courts, they are easily accessible. The geographical distribution of such courts makes them the most convenient forum for judicial intervention. In addition, the informality associated with the justice court encourages pro se filing and prosecution of petitions with minimal court costs. The resulting frequency of peace bonds as a violence control device insures that victims will know of the existence of this remedy and will seek it out in time of need. . . .

(Footnote Continued)

noted that the only remedy the state has against one who breaches a peace bond is a suit to recover on the bond.

The fact that a person may be required to make a bond to keep the peace would not appear to trigger the necessity for the appointment of counsel. If this were so every time an appearance bond is set in a class C misdemeanor, counsel would have to be appointed. (Article 17.20 of the Code of Criminal Procedure allows peace officers to set bonds in misdemeanor cases.) Neither the constitutional requirement for appointment of counsel set forth in Argersinger nor the state statutes require such appointment. The problem in the peace bond procedure arises when the defendant fails or is unable to give the security for the bond set in the peace bond hearing. Article 7.08 of the Code of Criminal Procedure provides:

> If the defendant fail to give bond, he shall be committed to jail for one year from the date of the first order requiring such bond.

---

(Footnote Continued)

> In spite of the difficulties inherent in the peace bond procedure and pattern of sanctions, the peace bond remains somewhat effective as a deterrent. The efficacy of any legal protection depends in large part upon its ability to shape behavior, and in this respect the peace bond has built an admirable record upon a weak foundation. Simply stated, it is the belief of the victim and the abuser in the procedure that makes it work. While hardly an imposing body in the context of the entire legal system, the justice court may well represent the only visible representative of social order with which the parties have been involved. Therefore, <u>one cannot underestimate the effectiveness of such orders as practical and useful tools in deterring domestic violence</u>, especially when divorce is not a desirable alternative. (Footnotes in text omitted and emphasis added).

20 Houston L. Rev., at 1287-1289.

The commitment of a person to jail for a term of one year takes on the incidents of a criminal procedure. In Kolvek v. Napple, 212 S.E.2d 614 (W. Va. 1975), the defendant was committed to jail for a period of one year when he was unable to post the required peace bond under a similar statute. The court held that while the peace bond statute was not unconstitutional on its face, the magistrate's application of the statute requiring the defendant to post the required peace bond violates the equal protection clause where he is indigent and cannot provide such surety. The cause was reversed and remanded to the magistrate with instructions that the magistrate permit the defendant to go on his own recognizance to keep the peace.

While the posting of a bond to keep the peace where there has been no alleged violation of the law may be civil in nature, the commitment for a term of one year in prison is at the very least quasi-criminal in nature. See Attorney General Opinion JM-403 (1985). Whether it be characterized as criminal or civil, it would appear that federal constitutional law requires that counsel be appointed before a commitment issues ordering the defendant to jail for a term of one year. We believe the issuance of such a commitment bears such similarity to a criminal procedure as to require the justice of the peace to appoint counsel "in the interests of justice" under article 1.051 of the Code of Criminal Procedure. If the justice of the peace fails to reduce the amount of bond to an amount the defendant can make, or declines to allow the defendant to go on his own recognizance if he is unable to make bond, counsel is in place to obtain a writ of habeas corpus in another court. (A justice court does not have jurisdiction to issue the writ of habeas corpus under article 11.05 of the Code of Criminal Procedure.)

In your last question, you inquire whether there are circumstances other than indigence that would require appointed counsel. You do not brief this question in the memorandum of law you have submitted. Consequently, the question is not in compliance with section 402.043 of the Government Code (formerly article 4399, V.T.C.S.) and we have not attempted to answer the same. See Attorney General Opinion JM-727 (1987).

### S U M M A R Y

Counsel need not be appointed to represent an indigent defendant charged with a class C misdemeanor unless "the court concludes that the interests of justice require

such representation."   Since   the   penalty cannot exceed a $200 fine in an article 42.15 Code   of   Criminal   Procedure   proceeding providing for  the deferral  of a  fine  upon conviction, our answer to your first question is dispositive of your third inquiry.   While it is not necessary for the justice court  to appoint an attorney at the initial peace bond hearing, counsel  should be  appointed for  a defendant who has failed to give the required bond before  he is  committed to  jail for  a period of   one   year   in  order   that   a determination may be made  as to whether  the defendant is  financially  able to  post  the required security.

Very truly yours

**J I M   M A T T O X**
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General